## Case No. 7,469.

JONES et al. v. HODGES et al.

[1 Holmes, 37.] [1]

Circuit Court, D. Massachusetts. Feb. Term, 1871.

W. H. Clifford, for complainant.
Chauncey Smith, Avery & Hobbs, and R. K. Sewall, for defendants.

LOWELL, District Judge. Two of the counsel in this case being out of the district, I will put in writing, very briefly, the views which govern my action on this motion for preliminary injunction. As much evidence has been put in as is brought forward at many final hearings; and, excepting that the witnesses have not been cross-examined, I suppose there has been but little left unsaid. Still, it must be understood that the opinion of the court is never finally made up until the final hearing.

The plaintiffs are the owners of four patents, all founded on an invention of Isaac Winslow, for an improved method of preserving green corn for the table; an invention of undoubted utility in this country, and one which has come into very general use. This method appears to have become known and used before the patent was issued; but I think the affidavits tend to show that Wins-

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

low was the real and original inventor; although the somewhat unusual state of things is presented of an invention made more than twenty years before it was patented. Under these circumstances, it would seem fit that the, case should be fully investigated; but still the preponderance of the evidence seems to be strong in favor of the patent. And that there has been infringement by the defendants is not denied.

The ground on which I feel bound to refuse the injunction at this time is, that I entertain strong doubts whether, in view of what had been done before, there was any scope for a patent to Winslow. The English patent of Durand, enrolled in 1810, No. 3370, cited from a printed copy in the public library of Boston, is for a method of preserving animal food, vegetable food, and other perishable articles, and describes the Winslow process exactly, excepting the "venting." as it is called. Durand is very full in his directions for putting the articles into bottles, or other vessels, sealing the vessels, putting them into a boiler, filling the boiler with water, and boiling it for a longer or shorter time, according to the nature of the article and other circumstances. He shows that the cooking may be done by a steam bath, or by hot air, &c. He says that vegetable substances should be put into the vessels in a raw or crude state. He adds, that the aperture of the vessels, or a small portion thereof, may be left open until the effect of the heat shall have taken place. This is the Winslow process for preserving green corn; and Winslow, in one of his patents, says that he is aware that vegetables and fruits have been cooked in this way. He makes two points of distinction, neither of which has been relied on in argument: namely, that the object of the old process was to exclude all the air, while he has discovered that the presence of a little air is not injurious; and, secondly, that he cooks his corn much longer than usual.

It is proved and admitted that the Durand process was known and practised in this country long before Winslow's time, as applied to vegetables, such as beans, peas, &c., and to fruits. This being so, and Durand having shown that the time of boiling must vary according to the nature of the substance to be preserved, experiments to find out how long to boil green corn could not result in a distinct invention. If it could, Durand has no patent; because he does not mention a single substance by name, and leaves every vegetable and every kind of animal food open to a separate patent. Nor is the alleged fact that a little air may be left in the cans important, because it leads to no change of process: all the manipulation remains precisely the same, and it is merely a discovery

that the Durand process is more perfect than it was known to be. .

At the argument, the principal distinction taken, and which was very strongly and ably urged, was, that Winslow cuts his corn from the cob, and that this is not putting it into the cans "in a raw or crude state," but in a state one step removed from crude. I do not understand the English patent to mean by "crude" that the vegetables must be in the precise state in which they grew, but as equivalent to raw, that is, uncooked; and in this sense the corn is crude, as much so as the peas and beans that are shelled, or the vegetables that may be sliced. Winslow took no such distinction, for he says that his method applies to ears of corn: though he adds, that he does not recommend their use. And, at the time of his discovery, it could hardly be invention to cut the corn from the cob before applying to it the Durand process. A patent may sometimes be obtained, perhaps, for putting an old process to a new use; but I recall no case in which one has been upheld where the new use has been so closely analogous to the old as is shown here.

It is argued that corn is a cereal rather than a vegetable, and chemically different, and acted on differently by heat. But I doubt whether green corn for table use has any such marked differences. It is cooked and eaten like other "vegetable substances." and not ground or manufactured like cereals; and the very purpose of Durand's invention, it seems, is fulfilled in respect to it, by the application of his process.

While, therefore, I think that Winslow was an original inventor, upon the evidence as it now stands, and was the first, too, to apply the process to this article, yet I am unable at present to see that he has made a discovery in the sense of the patent law. By original inventor, I mean that he probably may have discovered the process anew, and have been informed afterwards of the Durand process, and required to notice it in his patents.

It may be that he was the first inventor of the "venting," for which one of the four patents was granted; but as this is a very subordinate part of the invention, and as there are some considerable doubts about it, I do not think I ought to issue this preliminary injunction for that only. Motion denied.