## De Ver Warner *v.* Bassett and another.

*(Circuit Court, D. Connecticut.   April 5, 1881.)*

1. PATENT No. 197,913—IMPROVEMENT IN CORSETS—MOTION FOR PRELIMINARY INJUNCTION—CONSENT DECREE NO FOUNDATION.

  A decree by consent in one circuit is not such an adjudication of a patent as will lay the foundation for a preliminary injunction in another circuit.

*Munson & Philipp,* for plaintiff.

*Wooster & Torrance,* for defendants.

SHIPMAN, D. J.   This is a motion for a preliminary injunction to restrain the defendants from the alleged infringement of two letters patent, each issued to the plaintiff for an improvement in corsets.   The first patent was issued April 10, 1877, was surrendered, and was re-issued March 5, 1878, being No. 8,114.   The other patent was issued December 4, 1877, and is No. 197,913.   No adjudication has ever been had in regard to re-issue No. 8,114, and such an exhibit was shown upon the hearing that the plaintiff did not ask for a preliminary injunction under this patent.   On or about December 29, 1879, the plaintiff filed his bill of complaint in the United States circuit court for the eastern district of Michigan against the Detroit Skirt & Corset Company, alleging the infringement of both patents.   About January 10, 1880, a motion for preliminary injunction was tried, and, after a hearing, a temporary injunction was granted to restrain the defendants from the infringement of No. 197,913.   A rehearing was allowed on motion of the defendants, and the injunction was again ordered to issue.   A settlement was afterwards made, and a consent decree was entered against the defendants.

This is not such an adjudication upon the patent as, in my opinion, should lay the foundation for a preliminary injunction in another circuit.   It was a hearing upon affidavits, and although the learned court came to a deliberate conclusion, which was adhered to upon re-examination, the

adjudication is not equivalent to one rendered upon final hearing.

The principal reliance of the plaintiff for an injunction is upon the acquiescence of the public in the validity of the patent. It has been in existence about three years, and during that time the patentee says he has sold over 600,000 pairs of corsets made in conformity with the patent's description of the invention, and that no infringements have taken place except such as have been abandoned by agreement. The life of the patent has not been long, but the sales have certainly been very large, and indicate that the article is very popular, and it seems that its success would naturally have invited imitators. But in the absence of an adjudication made after full investigation of the art and final hearing, I am very loth to grant an injunction, because, although this patent may have heretofore been respected, out of the multitude of different styles of corsets which have been worn it would be not unlikely that it should hereafter be ascertained that some manufacturer had made and sold a style which anticipated the patented article. It would be, in my opinion, an unwise exercise of authority to issue a temporary injunction in this case.

The motion is denied.