CHESTER FORGING & ENGINEERING CO. et al. v. TINDEL-MOR-RIS CO.

(Circuit Court of Appeals, Third Circuit. December 4, 1908.)

No. 54.

1. INJUNCTION (§ 136*) — PRELIMINARY INJUNCTION — AUTHORITY OF COURT TO GRANT—PENDING DEMURRER TO BILL.

While as a rule a preliminary injunction should not be granted while a demurrer to the bill is pending, such rule is subject to exceptions; and where on examining the bill and demurrer the court is not satisfied that the demurrer will be sustained, and on the proofs submitted allegations of fraud made in the bill are clearly proven, the court has, within reasonable bounds, a discretionary power to preserve the existing status of things by a preliminary injunction to prevent the carrying out of the fraud until the demurrer is disposed of.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

2. PATENTS (§ 299*)—SUIT FOR INFRINGEMENT—RIGHT OF ACTION FOR THREATENED INFRINGEMENT.

A federal court of equity may entertain a suit to enjoin infringement of a patent where it is threatened, although no act of infringement had been completed when the bill was filed.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 478, 479; Dec. Dig. § 299.*]

3. PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where a bill for infringement of patents alleged that defendant had obtained the parts of the patented machines from complainant by fraud, and was engaged in putting them together with the intent to use the machines in infringement of the patents, and the proofs on a motion for a preliminary injunction clearly sustained such allegation, the fact that the validity of the patents had not been adjudicated did not require the court to refuse the injunction.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 481; Dec. Dig. § 297.*

Grounds for denial of preliminary injunction in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 163 Fed. 304.

E. H. Fairbanks, for appellant.

Frank P. Prichard, for appellee.

Before DALLAS, Circuit Judge, and LANNING, District Judge.

LANNING, District Judge. The decree appealed from awarded a preliminary injunction restraining the defendants, during the pendency of this suit and until its final determination, from completing, using, or selling, the two machines referred to in the complainant's bill and in the opinion of the Circuit Court. Tindel-Morris Co. v. Chester Forging & Engineering Co., 163 Fed. 304. The bill charges that the defendants fraudulently secured from the premises of the complainant two complete sets of certain parts of two turning lathes, that each of those sets embodied the inventions set forth and claimed in

three patents belonging to the complainant, that the inventions described in the three patents are capable of conjoint use, and are so used by the complainant, in one and the same machine, and that at the time the bill was filed the defendants were using the sets in the construction of two machines, and threatening to complete and use the machines in infringement of the complainant's patent rights. Notwithstanding a demurrer to the bill was filed, the learned judge of the Circuit Court found, in the affidavits presented on the motion for a preliminary injunction, such convincing proofs supporting the charge of fraud that he granted an order for the injunction above mentioned. A few days later, he overruled the demurrer "except as to purely formal defects" in the bill, and gave leave to the complainant to amend as to those defects. The amendments were subsequently made.

It is now objected that a preliminary injunction ought not to be allowed while a demurrer is pending. Ordinarily, that is true, but there are exceptions to the rule. In a case where, on examining the bill and the demurrer, the court is not satisfied that the demurrer will, on the argument of it, be sustained, and where, on the proofs submitted, allegations of fraud pleaded in the bill are clearly proven, the court has, within reasonable bounds, a discretionary power to preserve the existing status of affairs by a preliminary injunction to prevent the carrying out of the fraud until the demurrer is argued and disposed of. Any other rule would open a wide door to the grossest injustice. Prima facie, the complainant's patents, in the case in hand, are valid, and since the demurrer admits, for the purposes of the argument of it, the fraud pleaded in the bill, we should not disturb the order for an injunction pendente lite unless we are satisfied that there is reasonable doubt as to the sufficiency of the bill in other respects than in the "formal defects" found by the court below, or unless, on an independent examination of the facts, we are satisfied no fraud has been shown. On the question of fraud, we think the proofs, as they now stand, support the conclusion of the court below. Whether they will do so on final hearing is quite another question, with which we are not now concerned.

As to the alleged defects in the bill, it is urged, in the first of the causes of demurrer, that "the charging part of the bill is vague, indefinite, and insufficient, in that it does not allege with certainty any cause of action arising under the patent laws of the United States within six years last past"; in the second, that the bill fails to show "a controversy arising under the patent laws of the United States, since it appears on the face of the bill that no infringing act was completed prior to the filing of the said bill"; in the third, that the bill "sets up no cause of action cognizable in a court of equity of federal jurisdiction"; and, in the fourth and last cause, that it appears by the bill that the plaintiff "is not entitled to the relief prayed by said bill against these defendants." The second of these causes was satisfactorily disposed of in the opinion of the court below. The defendants complain that the court ignored the other causes. We cannot assume that they were ignored merely because they are not referred to in the opinion. The question, therefore, is, were they of such a character that the

injunction should have been withheld until the demurrer had been formally set down for argument and disposed of? The only specific objections to the bill are that it fails to allege, as to each of the three patents, (1) that the subject-matter of the patent was not abandoned, (2) that its subject-matter was not patented in any foreign country more than two years prior to the application for it, and (3) that its subject-matter was not patented in any foreign country more than seven months (in the case of one of the patents), or more than twelve months (in the case of each of the other two patents), before the application for it in this country was filed. These were the "formal defects" which were cured by amendments, and we think that, in view of the fraud which seems on the present ex parte proofs to be established, those defects were properly regarded as not sufficient to defeat the application for a preliminary injunction.

It is further objected that the injunction should have been denied because the patents in suit have not been adjudicated. Such an objection to the grant of a preliminary injunction is often a good one. But may a defendant fraudulently obtain from the complainant the parts of a machine that are covered by the complainant's patents, and busily engage himself in putting those parts together for the purpose of using them in violation of the apparent patent rights of the complainant, and then defeat an application for preliminary injunction to restrain such violation by saying "it is true I obtained the parts by fraud, and it is true that the patents are prima facie valid and cannot be adjudged invalid except after a careful and painstaking examination of the proofs adduced on final hearing, but, as they have not yet been adjudged valid in any judicial proceeding, I claim the right to perpetrate my fraud in the meantime"? We think no case has adopted so extreme a view of the law. The fraud proven in this case would of itself be a sufficient ground for the injunction allowed by the court below in any ordinary court of equity. It would be so in a federal court except for the fact that the record shows that the complainant and the defendants are citizens of the same state. Notwithstanding such identity of citizenship, the court below has jurisdiction to determine the rights of the complainant under its patents, and inasmuch as upon the present proofs the defendants are guilty of the fraud alleged, and that fraud appears to be an actual, palpable, and inexcusable one, and not a merely constructive one, the absence of adjudication of the patents is not a sufficient reason for reversing the order of the lower court.

Finally, the record does not disclose any motion to exclude the affidavits which it is now insisted should not have been considered, either because they were not entitled in the cause, or because they were without venue. These defects might have been remedied, if required, in the court below. They will not be regarded by this court. Modox Co. et al. v. Moxie Nerve Food Co., 162 Fed. 649.

The decree of the circuit court is affirmed.