STANDARD TYPEWRITER CO. v. STANDARD FOLDING TYPEWRITER
SALES CO. et al.

(Circuit Court of Appeals, Second Circuit. July 28, 1910.)

No. 330.

1. PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
   While it is the general rule that a preliminary injunction will not be
   issued on an unadjudicated patent, there are exceptions, and such an
   injunction may properly be granted where the validity of the patent is
   reasonably certain, infringement is clear, and the defendant corporation
   was organized to act as sales agent for the patented machine, and after
   selling its sales contract commenced making the infringing machines,
   which it marked as patented on the date of the patent in suit.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec.
   Dig. § 297.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—FOLDING TYPEWRITER.
   The Rose patent, No. 754,242, for a folding typewriter, held valid and
   infringed, affirming an order granting a preliminary injunction.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Standard Typewriter Company against the Standard Folding Typewriter Sales Company and others. From an order granting a preliminary injunction, defendants appeal. Affirmed.

Appeal from an order granting a preliminary injunction to restrain the infringement of letters patent No. 754,242, issued on March 8, 1904, to Frank S. Rose, for a new and improved typewriting machine, and assigned, through mesne conveyances, to the complainant. The suit was brought to restrain the alleged infringement of two patents— No. 948,553, granted on February 8, 1910, to the complainant, as well as the Rose patent aforesaid—but as the preliminary injunction was dismissed as to the former the present appeal relates to the latter only.

Edwards, Sager & Wooster (Clifton V. Edwards and Thomas Howe, of counsel), for appellants.

W. R. Davis, D. W. Van Hoesen, and J. A. E. Criswell, for appellee.

Before WARD and NOYES, Circuit Judges, and HAND, District Judge.

NOYES, Circuit Judge. The subject-matter of the patent in suit is primarily a folding typewriter. The patentee states at the commencement of his specification:

"This invention relates to improvements in typewriters in which I seek to produce a new construction of the support or carriage for the type-platen or cylindrical roller which enables the same to be folded into compact relation to the keyboard, thus making provisions for ready and convenient transportation of the instrument."

Again he states:

"The important feature of the present invention is the provision of means whereby the platen and its carriage may be folded into compact relation to the banks of keys, thus making provision for the convenient transportation

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the instrument. In carrying out this part of the invention I employ a foldable sectional construction of a frame adapted to support the carriage and the platen. * * *"

The patent contains 11 claims, of which the first is especially relied upon here. This claim reads:

"In a typewriter, a foldable support for a platen carriage having one of its members movable to an abnormal position in overhanging relation to a keyboard."

It is evident that the feature of the claimed invention is the arrangement by which the carriage supporting frame is folded over into close relationship to the keyboard, whereby a compact package, convenient for transportation, is obtained. The drawings and specification also show that when the machine is folded the delicate operating parts are protected from injury by the upright and horizontal bars of the frame and carriage support.

Now it is old in many arts to fold devices in order to obtain compact packages for storage or transportation. Thus patents for folding cameras, folding go-carts, folding organs, and folding wheel chairs are shown upon the record. If, however, these devices in other arts would negative invention in going into the typewriter art and applying the folding principle, it does not follow that the present patent is invalid. It may well be that the folding principle is so old that a patent merely for folding parts of typewriters upon other parts would possess no patentable novelty. But this patent is for the folding of a specific part, the platen carriage, into specific (overhanging) relation to another part, the keyboard, for a specific purpose, obtaining a compact and safe package. We think that it is not shown to be invalid by anything in arts other than that of the typewriter, and that we must look to that art if we are to find anticipation, or such a state thereof as negatives invention.

In considering the typewriter art it will not be especially helpful to examine machines in which the platen and platen carriage are swung away from the type basket to expose the writing or to permit the type to be cleaned or repaired. In machines of this character the swinging of the platen carriage increases the cubic dimensions of the machine. The purpose of the swinging operation is altogether different from that of the folding of the machine in suit, and the results obtained are opposite. Passing, then, the patents of this nature, we may properly test the validity of the patent in suit by the patent put forward first in the defendants' brief and most relied upon by their counsel upon the argument—the Anderson patent, No. 581,570. If this patent does not anticipate or show such a state of the art that there would be no patentable novelty, undoubtedly no other patent cited has such effect.

The Anderson structure is a typewriter. It has a paper holder, consisting of a single arm, shown by the drawings to be normally held in position by means of a clamp and thumb nut, and probably capable, when loosened, of being turned into a position overhanging the keyboard. But there is nothing in the Anderson specification describing the holder as being so foldable, and it is by no means clear from the drawings that it is intended to be so used. Indeed, it would seem that the folding of the paper support might tear the paper and to some

extent dismantle the machine. The parts capable of being folded, the means of folding, and the results obtained by folding in the Anderson structure differ so materially from those of the machine of the patent that, in our opinion, the former does not anticipate. We think that the invalidity of the patent cannot be regarded as established.

Coming, now, to the question of infringement, it appears that "Complainant's Exhibit, Defendants' Machine," is an exact copy of the complainant's machine which is built under the patent, and with respect to this machine infringement is, of course, not disputed. "Defendants' Exhibit, Defendants' Machine No. 2," is also similar to the complainant's machine, except that, instead of there being two arms foldable upon each other to support the carriage, the carriage support is pivoted directly to the frame and is foldable upon it. We think, however, that this distinction is not a material one, and that the "foldable support" of the defendants' machine is the equivalent of the "foldable support" of the claim of the patent. Infringement by both classes of defendants' machines seems clear.

The patent in suit has never been adjudicated, and it is, of course, the general rule that a preliminary injunction will not be issued upon an unadjudicated patent. But exceptions to this rule exist in cases where the validity of the patent has been admitted and acquiesced in and we think the principle of these exceptions applicable here.

The defendant corporation was organized for the express purpose of acting as sales agent for typewriters made under the patent in suit. It had a contract for their sale, and sold many machines marked as patented. It brought suit against the complainant for the enforcement of the sales contract, based upon the theory that the patent was valid. It transferred the sales contract for a valuable consideration, and then copied the complainant's machine in every detail, and marked its product "Patented March 4, 1904"—the date of the patent in suit. It then made another machine, admittedly following the patent, but seeking by slight variations to avoid infringement.

Upon their own showing the defendant and its officers—the individual defendants—were guilty of fraud and deceit toward the complainant and toward the public. And the defendants' treasurer seems to think it helpful to his cause to assert that he attempted to go a step further and deceive his own stockholders.

It is true that the defendants may not be estopped to deny the validity of the patent. They may not stand in the position of licensees. It is equally true that they cannot be held in this suit for fraud or unfair competition. But their conduct toward the complainant, their manner of dealing with the patented article, and their attempt to appropriate the invention of the patent and yet escape the consequences, go a long way toward showing acquiescence on their part in, and admissions of, the validity of the patent.

For these reasons, although the validity of the patent has not been adjudicated, we are convinced with reasonable certainty that, upon final hearing, in case the record is not materially different from that presented here, the complainant will succeed. Consequently the preliminary injunction was properly granted.

The order of the Circuit Court is affirmed, with costs.