CLIMAX LOCK & VENTILATOR CO. v. AJAX HARDWARE MFG. CO. et al.

(Circuit Court, W. D. New York. October 6, 1911.)

No. 493.

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING.

Allegations, in a bill for infringement of a patent, that defendants had copied cuts of complainant's patented device in their catalogue with intent to deceive purchasers, *held* merely incidental to the charge of infringement, and not to state a separate cause of action for unfair competition.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

2. PATENTS (§ 129*)—JOINT INFRINGEMENT—ESTOPPEL TO DENY VALIDITY.

Corporations which are acting jointly with patentees who have assigned their patent in infringing the same are estopped equally with them to deny its validity.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 182½–186; Dec. Dig. § 129.*]

3. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING.

Where a bill for infringement against the patentees and others shows such relation between the defendants as to affect all with the estoppel of the patentees to deny the validity of the patent, a specific allegation that all are so affected is not necessary.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

4. PATENTS (§ 328*)—INFRINGEMENT—MAIL BOX.

The Rosenberg and Clark patent, No. 961,897, for a mail box, *held* infringed on a motion for preliminary injunction.

In Equity. Suit by the Climax Lock & Ventilator Company against the Ajax Hardware Manufacturing Company, Adolph Rosenberg, Ellsworth E. Clark, and the Ericsson Manufacturing Company. On demurrer and motion for preliminary injunction. Demurrer overruled, and motion granted.

Godfrey M. Frohe and Frederick S. Stitt, for complainant.

Carl T. Chester, Carl H. Smith, and William Macomber, for defendants.

HAZEL, District Judge. The bill of complaint alleges joint infringement by the defendants of patent No. 961,897 for a mail box, granted June 21, 1910, to the defendants Rosenberg and Clark, as inventors, and their assignors, the complainant. On September 4, 1909, the inventors admittedly divested themselves by assignment to the complainant corporation of their entire interest in the invention and in the patent which was subsequently granted. Prior to March 18, 1911, the individual defendants were stockholders and officers of the complainant, and as such officers became acquainted with the complainant's business, its processes, methods, customers, and good will generally. While they were in complainant's employ as business manager and factory superintendent, respectively, they organized the Ajax Hardware Manufacturing Company; Rosenberg becoming its president, and Clark its secretary. The bill alleges that Rosenberg and Clark copied the exact design of the mail boxes manufactured by the complainant under the patent in suit and published it in a catalogue circulated by the Ajax Company; that Rosenberg, while he was complainant's sales agent, solicited and secured for the Ajax Company orders for mail boxes which are an infringement of complainant's patent; that the defendant Ericsson Manufacturing Company (hereafter called the Ericsson Company) is jointly acting with its codefendants in manufacturing and putting upon the market the infringing device; and, further, that the defendants have made cuts of the essential features of complainant's patent and published the same in the catalogue circulated to the trade by the Ajax Company with the intent to deceive the trade and cause it to believe that the mail boxes

offered for sale by the defendants were the mail boxes of the complainant. It is alleged that, having assigned their interest in said patent to complainant, the defendants Rosenberg and Clark are estopped from denying its validity.

The prayer for relief is for an accounting for the gains and profits which the defendants have received from their wrongful and unlawful acts and for an injunction restraining the manufacture and sale of the infringing device. To supplement the averments of the bill, affidavits were read on this application showing that Frank W. Pardee, vice president, and Thomas S. Hemenway, treasurer, of the Ericsson Company, were also directors and officers of the Ajax Company, and that with Rosenberg and Clark they organized and incorporated said company. By the affidavit of Mr. Pardee it appears that, at the time he negotiated with the individual defendants herein in organizing the Ajax Company, he had no actual knowledge of any patent or patent application for mail boxes of which Rosenberg and Clark were the inventors "until the Ajax Company was formed and the contract between it and deponent's company made and entered into."

[1] No diversity of citizenship is alleged in the bill, and, on the ground that infringement of the patent in suit and also unfair competition in trade is alleged, the defendants have demurred for multifariousness. Whether this court would have jurisdiction for infringement in a suit wherein the bill also contains a cause of action for unfair dealing in trade, there being no diversity of citizenship, is a question that need not be decided. There is but a single cause of action—infringement of the patent—alleged in the bill. What is therein set forth regarding the individual defendants copying the complainant's design and the defendants' publishing a catalogue with the intention to deceive "the trade and make the trade believe that the mail boxes offered for sale by the defendants are your orator's patented mail boxes" is merely incidental to the charge of infringement, and does not rise to the dignity of a distinct and independent cause of action. The allegation of the existence of an intention to deceive the trade merely emphasizes the charge of infringement and conveys the idea of an aggravated act. The demurrer is overruled.

[2] The principal question pressed upon my attention is whether the facts are such as to raise an estoppel against the defendants. There is enough shown in the moving papers to warrant the conclusion that the defendants are acting in concert, and that the manufacture of the mail boxes described in the specification and claims of the patent in suit are the result of an understanding that what is done in relation to such mail boxes is done by the defendants acting together and for their joint benefit and the benefit of the corporations represented by them. Neither the Ericsson Company nor the Ajax Company can be relieved from the acts of their officers who were in privity with Rosenberg and Clark, complainant's assignors of the patent in suit. As said by Judge Ray in Onondaga Indian Wigwam Co. v. Ka-Noo-No Indian Mfg. Co. et al. (C. C.) 182 Fed. 835:

"Individuals who combine with him (the patentee) to infringe and aid him in his wrongdoing are also estopped to deny its validity. That this wrong

is done under the guise and cover of a corporation does not prevent this court from reaching the wrong and stopping it—preventing its continuance by an injunction against the corporation and its officers."

It is conceded that Rosenberg and Clark are estopped from denying the validity of the patent, but it is urged that, as an estoppel has not been specifically charged and pleaded against their codefendants, the injunction should not be granted, and the defense of invalidity of the patent should be considered on this motion. The objection is not well founded. The bill in its entirety fairly indicates the claim of estoppel against the defendants who are claimed to be acting in concert to jointly infringe the patent.

[3] A specific allegation that the Ajax Company and the Ericsson Company were estopped as a matter of law from denying the validity of the patent was not necessary, in view of the facts contained in the bill which show such a relationship between the parties as to amount to estoppel. Carter v. Rinker (C. C.) 174 Fed. 882; Bracken v. Atlantic Trust Co., 36 App. Div. 67, 55 N. Y. Supp. 506; Standard Typewriter Co. v. Standard Folding Typewriter Sales Co., 181 Fed. 500, 104 C. C. A. 248; Continental Wire Fence Co. v. Pendergast et al. (C. C.) 126 Fed. 381; Mellor v. Carroll et al. (C. C.) 141 Fed. 992. It is not enough that the Ericsson Company was without actual knowledge of the relationship of Rosenberg and Clark to complainant's patent at the time it negotiated for the manufacture of the mail boxes. Knowledge of the wrongful acts complained of may be implied from the prior acts of its responsible officers, Messrs. Pardee and Hemenway. By their assignment of the patent the inventors impliedly warranted that they had a right to sell what they sold; that is, they assumed to transfer a valid patent. The public is not specially interested herein, as this litigation determines the validity of the patent only as between the sellers and those acting in privity with them and the buyer. Faulks v. Kamp (C. C.) 3 Fed. 898; Frank v. Bernard (C. C.) 131 Fed. 269; Adee v. Thomas (C. C.) 41 Fed. 345. True, the defendants retain the right to show the prior state of the art to limit the scope of the claims with a view of establishing noninfringement of the patent; but, if the testimony merely throws a doubt upon the validity of the patent, it will not be considered to establish the fact. Alvin Mfg. Co. v. Scharling (C. C.) 100 Fed. 87.

[4] Are the mail boxes manufactured and sold by the defendant's infringements of complainant's patent? The specification and claims describe a mail box which in its upright position is fastened to a support and which has a back plate and body portion hinged to the lower end of the plate, a U-shaped locking bar, and a lock in front of the mail box. The claims are for a combination of elements, and at the date of the patent in suit the state of the art was such that all the enumerated elements which are contained in claim 1 were old, save the U-shaped locking bar with its locking arrangement on the front side of the box. Although the claims are concededly narrow and must be limited to the essential features of construction, they nevertheless should not be construed with such strictness as to permit the defendants acting in privity with each other by a specious change in the man-

ner of joining the parts to avoid infringement. In defendant's structure there are embodied various elements of complainant's combination, the essential element being the U-shaped locking bar riveted to the back plate and which extends forward and is locked in front of the body portion which engages the locking bar. That the bottom of the defendant's box is not integral with the back plate, and that the locking bar is not riveted directly thereto, is not a material difference. These changes perform no new function and are the equivalent of complainant's adaptation. Infringement of the claims seems reasonably clear. The contention that complainant's locking bar is similar to the U-shaped bar of Anderson, a prior patentee, which is screwed to the upper plate, and that, by a slight alteration by the skilled mechanic it may easily be transformed into complainant's locking bar, is not, for reasons already stated, a subject for consideration. The defendant's counsel in their main brief and at the hearing requested that this court end this litigation by its decision on this application for preliminary injunction, and, indeed, the case on both sides has been presented as though it were here for final hearing. The general rule applicable to a motion of this character is that the action of the court allowing an injunction pendente lite is not conclusive upon the rights of the parties; its purpose being to maintain the status quo until the evidence may be taken and the witnesses cross-examined. Carpenter v. Knollwood (C. C.) 188 Fed. 856. Hence it is my intention to now merely determine upon the papers presented that complainant's claims for redress are of a substantial nature, and that enough has been shown to indicate that there are equities in complainant's favor which are thought to justify the issuance of a preliminary injunction, and that unless the defendants make a different showing at final hearing there is a probability that the complainant will succeed on the merits.

An order in accordance with these views may be entered.