REECE FOLDING MACH. CO. v. EARL & WILSON (three cases).

REECE FOLDING MACH. CO. et al. v. SAME (five cases).

(District Court, N. D. New York. May 24, 1913.)

Nos. 61–68.

PATENTS (§ 328*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The Reece patent, No. 972,916, the Donmandy patents, Nos. 904,317 and 924,151, and the Fenwick patent, No. 606,528, all relating to machines for folding and pressing blanks for collars and cuffs, *held* infringed, on a motion for preliminary injunction, by machines patented and installed in its plant by defendant, and an injunction granted restraining defendant from making or selling infringing machines or installing additional infringing machines in its factory; it being a licensee of complainant and having covenanted in its contract not to infringe or contest the validity of complainant's patents.

In Equity. Three suits by the Reece Folding Machine Company and five suits by the Reece Folding Machine Company and others, all against Earl & Wilson, a corporation. On motion for preliminary injunction. Limited injunction granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Rogers, Kennedy & Campbell, of New York City (Livingston Gifford and Donald Campbell, both of New York City, of counsel), for complainants.

Kerr, Page, Cooper & Hayward, of New York City (Thomas B. Kerr and Drury W. Cooper, both of New York City, of counsel), for defendant.

RAY, District Judge.   Ordinarily this court is strongly disinclined to grant an injunction pendente lite in a patent case, where the patent or patents in suit have not been adjudicated, and in some cases where it has been.   But in this case, after a careful study of the patents in suit and the patents set up by defendant, as well as his alleged infringing machine, I am led to the conclusion that infringement is so clearly shown that the injunction ought to issue to the extent hereinafter indicated.   It is not improbable that the defendant, a licensee of the complainant, in order to secure a patent of his own and a noninfringing machine, has improved on the devices of the complainant.   Defendant's counsel says:

"Defendant's machine is markedly superior to complainant's machine. It requires less repair and attention, has fewer parts, is stronger and simpler in design and construction, has 10 per cent. greater output, and the output is more uniform and requires less subsequent manipulation."

All this may be true, and infringement exist.   I find it impossible within reasonable limits and without the aid of drawings to give a description of the mechanism and parts involved in this litigation, and hence content myself with stating conclusions.

We have nine suits between the same parties; each alleges infringement, and seeks an injunction and an accounting.   Defendant is licensee, and as such is operating licensed machines made by complainant under the patents alleged to be infringed.   In its license agreement with complainant, defendant covenanted not to infringe or contest the patents in suit.   While accepting and enjoying benefits under this license agreement, and in the face of its covenant therein not to infringe or contest the validity of the patents mentioned therein, it makes and puts in operation in its own plant, in competition with the licensed machine and for the purpose of superseding and displacing it, an infringing machine.   Whether this negative covenant may, under the circumstances, be specifically enforced or not (as to which see American Specialty Co. v. Enamelling Co., 176 Fed. 557, 100 C. C. A. 193, Standard Co. v. Typewriter Co., 181 Fed. 500, 104 C. C. A. 248, Pope Co. v. Owsley [C. C.] 27 Fed. 100, U. S. v. Harvey Steel Co., 196 U. S. 310, 25 Sup. Ct. 240, 49 L. Ed. 492, and Pope Mfg. Co. v. Gormully, 144 U. S. 224, 12 Sup. Ct. 632, 36 L. Ed. 414), here is an equity in favor of this complainant, and in any event, the defendant having recognized the validity of the patents alleged to be infringed and taken a license thereunder and covenanted not to infringe or contest the validity of the patents, it ought to be held to its covenant, infringement appearing on the showing made, until it clearly appears that complainant's patents are void or that, properly construed and limited, there is no infringement.

The patents sued upon are: Suit No. 61, Fenwick patent, No. 606,-528; suit No. 62, Dixon patent, No. 694,844; suit No. 63, Reece patent, No. 972,916; suits Nos. 64, 65, 66, 67, and 68, Dormandy patents, No. 714,787, No. 904,317, No. 918,023, No. 924,151, and No. 935,-783, respectively. (The other suit, No. 69, is on the license contracts referred to.)

These patents relate to the art of folding and pressing blanks for collars and cuffs preparatory to sewing, and this art has had at least three periods: First. Sewing and then turning inside out and pressing by hand; and during that time Boxley, No. 199,615, and Norris, Nos. 502,678 and 520,535, were issued. McKinney and Norris applied for patents between 1877 and 1891. Second. Hand-operated apparatus, when the Pine patent, No. 645,871, first came into notice. Third. Automatic machines, when the Reece patent, No. 972,916, and the Dormandy patents, No. 924,151 and others, came to the fore. As to the Boxley and Norris patents, see United Shirt & C. Co. v. Beattie, 149 Fed. 736, where the validity and infringement of the Pine patent were in question, and the patent was sustained.

It is a great step in advance as a time and expense saver to transform a hand-operated folding machine into one operative and operated by some other power, leaving the operator free to select, arrange, and place the blanks; the machine moving with rapidity and certainty and doing the rest. It is true that both Boxley and Norris, in stage 1 of this art—that is, back in 1877 and 1884—attempted to apply power to their machines, but the efforts were a failure.

I am of opinion that the Reece patent, No. 972,916, as to claim 4, and Dormandy patent, No. 904,317, and Dormandy patent, No. 924,-151, all in suit, are not only valid, but infringed by the defendant; No. 924,151, as to claims 7, 24, 40, 43, and 49, and No. 904,317, as to claims 10 and 15. The Fenwick patent, No. 606,528, claim 52, is also clearly infringed by defendant. I will not take time or space here to compare the claims of these patents with the corresponding claims of defendant's patent or the corresponding parts of defendant's machine. In comparing defendant's application with the claims of the patents in suit, we are impressed with the fact that defendant describes and is claiming the same things already patented, and when we read the history of defendant's structure we are impressed that the complainant's structure was followed or imitated, with such changes as it was thought might avoid infringement. I am not to be understood as intimating that defendant's machine does not, in the combination, disclose an improved machine and a patentable invention; but in doing what has been done the inventor has appropriated inventions belonging to the complainant, and hence has infringed.

It has been urged that the complainant was guilty of laches in notifying defendant of its claim that defendant's device or machine was an infringement, or claimed to be such, and therefore should be denied relief. On all the facts I do not think this contention is sustained. It is possible that such evidence will be produced on the final hearing that the court will be convinced infringement is not made out. The defendant is not, it seems, a maker or vender of these infringing machines.

I think, therefore, the injunction pendente lite should run against the following acts: Defendant should be enjoined and restrained from:

1. Making or selling, or causing to be made or sold, any of the infringing machines.

2. From placing or using any of the infringing machines outside its own factory.

3. From introducing into or using in its own factory any of the infringing machines not placed and in use there when these suits were commenced.

4. As a condition of continuing the use of the infringing machines, installed when these suits were commenced, the defendant should file a statement under oath of the number of such machines installed when suits were commenced, and the number, if any, installed since, and from month to month the number thereof kept in operation. I do not feel justified at this time in granting any injunctive relief which would otherwise operate to compel specific performance of the license agreements referred to.

So ordered.