McMASTER et al. v. DAUGHERTY MFG. CO.

(Circuit Court of Appeals, Third Circuit. December 30, 1914.)

No. 1909.

1. PATENTS ⊂⇒328—INFRINGEMENT—BARREL JACK.
    The granting of a preliminary injunction restraining infringement of the Daugherty patent, No. 1,111,219, for a barrel jack, *held*, on the evidence, within the discretion of the trial court.

2. PATENTS ⊂⇒294—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    Where it is shown that defendants examined the device of complainant's patent while the application for the patent was pending, and before its issuance commenced making and selling the alleged infringing device, which is in no substantial respect different from that of the patent, it is within the discretion of the court to grant a preliminary injunction, although the patent is of recent issuance and its validity has not been adjudicated.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 473; Dec. Dig. ⊂⇒294.]

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by the Daugherty Manufacturing Company against John McMaster, James McMaster, and the Waverly Oil Works Company. Defendants appeal from an order granting a preliminary injunction. Affirmed.

Robert D. Totten, of Pittsburgh, Pa., for appellants.
James D. Heard, of Pittsburgh, Pa., for appellee.

Before HUNT, McPHERSON, and WOOLLEY, Circuit Judges.

HUNT, Circuit Judge. Appeal from a decree made after a hearing by the United States District Court for the Western District of Pennsylvania granting a preliminary injunction restraining the appellants herein, defendants below, from manufacturing and selling a device known as a "barrel jack," alleged to infringe letters patent No. 1,111,-219, granted September 22, 1914, to Alexander R. Daugherty, of Kittanning, Pa. The bill was filed November 4, 1914. The injunction was granted November 9, 1914.

The allegations of the bill are those such as are usually employed in suits for infringement of letters patent.

[1] The device is one in which a barrel can be lifted and supported off the ground in a horizontal position so that the contents can be readily drawn from the barrel, and is so constructed that the barrel is slightly tilted, whereby all the contents can be readily drawn without moving the barrel. The object of the invention is to provide a simple, cheap, and more effective barrel jack with details of structure more fully set forth in the specifications but not necessary to be elaborated here. It is enough to state that the device has two cross arms which are mortised together about midway their end and secured together by plates secured to the cross arms by bolts; the arms above the connection being of such a length and arranged at such an angle that an ordinary barrel will readily fit between them. Below the connection of the cross arms is an elongated arm. This elongated arm has a short portion forward of the cross arms of the device and a longer portion in the rear of the cross arms. Extending from the end of the longer portion of the cross arms and connected thereto is a brace which is bolted to another brace and extends forwardly, being secured to the forward end of the short portion of the elongated arm. The rear longer portion of the arm is adapted to support the rear end of the barrel, and the forward portion, being shorter than the other, allows the barrel to be supported in a slightly tilted position. In operation, the jack is placed in a position with the longer portion of the arms upon the ground at the base or head of the barrel, and the barrel is tilted to the upper ends of the cross arms and thereby supported. The barrel is then raised, the lower ends of the cross arms forming the fulcrum points on the ground, until the shorter portion of the arm rests upon the ground, when the cross arms assume a forwardly inclined position past a vertical line, whereby the weight of the barrel, being past a vertical line, is supported, and the barrel, being slightly tilted forward, is so placed that its contents can be drawn without tilting it. As we read the claims of the patent of the Daugherty device and the file wrapper in evidence, the applicant did not claim the broad idea of a barrel jack, but limited his claims, so that by means of the device, comprising a fork member adapted to receive a barrel, a rearward extending arm carried by the fork member, and a forwardly extending foot carried by the fork member and adapted to engage the ground for supporting

the forked member in a forward inclined position, a barrel can be raised from the ground and kept in a tilted position so that all of the contents thereof can be readily drawn out.

Sale of the Daugherty barrel jack commenced in the early part of 1914, patent having been applied for January 7, 1914. The sales indicated acceptance by the public. The testimony heard by the District Court shows that James McMaster, one of the appellants, conceived the idea of the barrel jack introduced in evidence by appellants as the "McMaster Barrel Jack" in March, 1914, and that upon March 28, 1914, he applied for letters patent for a barrel jack, application being allowed September 10, 1914; but that final government fee for issuing the patent has not yet been paid. One of the McMaster appellants saw the Daugherty barrel jack before the device herein alleged to infringe was conceived of. A witness testified that the appellant Waverly Oil Works, selling agents for the McMaster barrel jack, asked the appellee for the exclusive right to sell the Daugherty jack, and it is shown that, after application for a patent therefor was filed, a Daugherty barrel jack was shown to one or both of the McMaster brothers, and that one of them said he thought he could build a better jack or could improve on the one shown.

There is no application or drawing or specification of any kind for letters patent introduced in evidence by appellants whereby we can ascertain with precision just how the device which appellants claim is their invention is constructed. Accompanying the record, however, is a device exhibited and treated by the appellants as a model of their barrel jack. Examination of it satisfies us that the District Court did not err in holding that, in making it, appellants employed a mechanism intended to procure a jack which would meet the public demand for the barrel jacks put on the market by the Daugherty Company. The McMaster device appears to be specially designed for raising and supporting a barrel. It has a forwardly extending arm in combination with a member adapted to embrace the barrel. The arm extends downward, and, if sunk into the ground or rested upon a depression in the floor, will effect a slightly forward inclination of the barrel upon the jack. The argument of the appellants that their jack does not raise the barrel to a tilted, but to a horizontal, position, is not persuasive; for it is too plain that opportunity to use the McMaster jack in a way to effect a forward inclination of the barrel can be easily availed of.

[2] It will not be disputed that appellants are right in arguing that ordinarily preliminary injunctions will not issue in cases of alleged infringement, unless the patent has been adjudicated and held to be valid, and the question of infringement is not in doubt. But, with every respect to this usual practice, it does not conflict with the doctrine that, under a state of facts such as is presented here, the granting or denying of a preliminary injunction is a matter within the sound judicial discretion of a court of equity, and, where the rights of the parties appear to be such that injunctive relief is necessary for the protection of the one as against the other, it will be granted, even where acceptance of a patented device may have been somewhat limited. Wilson v. Consolidated Store Co., 88 Fed. 286, 31 C. C. A. 533; Foster v. Crossin (C.

C.) 23 Fed. 400; Chester Forging Co. v. Tindel-Morris Co., 165 Fed. 899, 91 C. C. A. 577.

The fact that the device of the appellants is collapsible does not appear to be material to the present consideration of the case. Standard Typewriter Co. v. Standard F. T. S. Co., 181 Fed. 500, 104 C. C. A. 248.

Nor can appellants gain by the point that they and appellees had applications for patents pending at the same time without interference having been declared for the reason that, as indicated, the evidence shows no substantial difference in mode of operation of the two devices.

Finding no error in the action of the District Court, the order appealed from is affirmed.