### GUSTIN v. PARISTYLE FOOTWEAR MFG. CO., Inc.

(District Court, E. D. New York. February 19, 1923.)

**1. Patents ⊛⊃297(1)—Prior adjudication not essential to granting of preliminary injunction.**

Public acquiescence in a patent supports the presumption of its validity, and it is not necessary that there should be an adjudication of its validity in order that a preliminary injunction may issue.

**2. Patents ⊛⊃328—Preliminary injunction against infringement of 1,244,197, for slippers, denied.**

Preliminary injunction against infringement of Gustin patent, No. 1,244,197, for improvement in slippers, denied.

In Equity. Suit by Max Gustin against the Paristyle Footwear Manufacturing Company, Inc. On motion for preliminary injunction. Denied.

Morris Kirschstein, of New York City (Wallace E. J. Collins, of Jamaica, N. Y., of counsel), for plaintiff.

Frank Kent, of New York City, for defendant.

GARVIN, District Judge. This is a motion for a preliminary injunction in a suit brought to restrain the alleged infringement of letters patent No. 1,244,197. This patent is for improvements in boudoir slippers, and, while claims 1, 2, and 3 are involved, denial is made of infringement of the two former, but infringement of claim 3 is conceded. This claim reads as follows:

"3. In a slipper, a sole comprising a molded layer, a correspondingly shaped layer held thereon, a shank embedded in the last-mentioned layer, padding material superimposed on said layers, a covering for said padding material, said covering being drawn thereover and passing underneath the first-mentioned layer to provide a border whereto an upper may be attached, and means for holding said covering to the sole."

It is urged that a preliminary injunction be granted for these four reasons:

"(1) Large acquiescence in the patent by the public. (2) Peculiar circumstances surrounding the infringement showing willful and unfair wrongful acts on the part of the defendant. (3) That the damages sustained by the plaintiff are of such character that only an injunction can afford adequate relief. (4) That the validity of the patent is in no way shaken nor any doubt cast thereon by the prior art and alleged prior uses."

---

⊛⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Plaintiff also urges:

"That the denial of the previous motion for a preliminary injunction in a suit for infringement of the same patent should not operate to prevent the granting of the present motion."

Taking these in order it appears:

[1] 1. The patent issued October 23, 1917, and the plaintiff has sold about 250,000 pairs of slippers thereunder. Public acquiescence supports the presumption of the validity of the patent, and it is not necessary that there should be an adjudication in order that a preliminary injunction may issue. Wright Co. v. Herring-Curtiss Co. et al. (C. C.) 177 Fed. 257.

[2] 2. The circumstances are somewhat out of the ordinary. After plaintiff had sold his slippers for several years, without competition, a firm known as G. H. & E. Freydberg began to sell slippers which plaintiff claimed infringed. Suit was brought in 1920, but as the Freydberg firm thereafter ceased having anything to do with the slippers, when the case came on for trial, it was discontinued. The Freydberg firm had obtained these slippers from the Artistic Footwear Manufacturing Company which was making them at the latter's place of business, exclusively for the former firm. It now appears that the Artistic Footwear Manufacturing Company has gone out of business and that the Paristyle Footwear Manufacturing Company, Inc., the defendant in the pending action, has succeeded the Artistic Footwear Manufacturing Company and is carrying on business in the factory which was operated by the latter company. It further appears that two men who were partners in a firm known as the Artistic Footwear Manufacturing Company are now officers of defendant herein. Before the present suit was started, plaintiff visited defendant's factory, spoke with Joseph Maroon, one of these men, and then and there saw one of plaintiff's slippers, marked "Pat. Oct. 23, 1917," which had been cut open, undoubtedly for the purpose of ascertaining its method of construction. Infringing slippers are on the market, made by the defendant.

I have given careful consideration to the case of McMaster v. Dougherty Mfg. Co., 219 Fed. 219, 135 C. C. A. 117, relied upon by plaintiff, where a preliminary injunction was issued; but I have also considered the opinion of Judge Knox in the Southern district of New York, written upon a motion for a preliminary injunction in the action which was discontinued and which motion he denied. The views expressed by him apply to the application now under consideration, and I shall adopt them, without qualification, except to state that the parties may have a trial of the issues at once if they are so disposed, in order that there may be no delay in the determination of their respective rights. This disposes of plaintiff's third, fourth and fifth contentions. Apparently both parties are willing, indeed desire, to have their rights finally determined. The issues will be placed upon the calendar for March 5, 1923, and then tried, if a proposed order, accompanied by the consent of the parties, is presented.

Motion for preliminary injunction denied.