*1041 OPINION.
Ttson:
The sole issue presented for decision is whether the $28,427.69 expended by the petitioner during the taxable year for attorney fees and bond premiums in his suit to vacate and set aside the settlement agreement of March 18,1931, constituted such ordinary and necessary business expenses of petitioner as are deductible under the provisions of section 23 (a) of the Revenue Act of 1934.
The respondent contends that the disbursement in question constituted a capital expenditure and that, even if it was not a capital expenditure, the disbursement was not a deductible ordinary and necessary business expense.
Petitioner urges that the expenditures were ordinary and necessary expenses of his business, in that they were incurred and paid in connection with the settlement agreement made on March 18, 1931, to protect petitioner from unfavorable publicity which at the time would have impaired the confidence of his associates, with some of whom he was negotiating for the organization of a sales company, and would probably have prevented such organization, as well as damaged the business of the General Outdoor Advertising Co., of which he was president at the time the agreement was executed. Petitioner, on brief, asserts that he does not contend that the expenses involved were those of his carrying on the business of cotrustee.
The settlement agreement was entered into by petitioner while he was engaged in the business of acting as president of the General Outdoor Advertising Co. and also in the business of organizing Outdoor Advertising, Inc. Although the agreement was entered into by petitioner while he was so engaged, it was entered into by him for the two purposes of protecting those businesses and himself from the damaging effect of the publicity threatened by the beneficiaries of the trust through the introduction in their suit against him of evidence of the disparaging nature as heretofore set out.
We do not think that the purposes of the petitioner in executing the settlement agreement were the direct and proximate cause of the expenses here incurred and paid. Regardless of these purposes, the fact remains that the effect of the settlement agreement was to fix a definite personal liability in a definite amount upon petitioner. In our opinion, the direct and proximate cause of the expenses here involved was the effort of petitioner, through his suit to vacate and *1042 set aside the settlement agreement, to avoid his personal liability fixed thereby.
After a lapse of more than two years from the time of the execution of the settlement agreement of March 18, 1931, and while petitioner’s sole occupation and business was that of acting as president of Outdoor Advertising, Inc., Ralph C. Holmes, 37 B. T. A, 865, he instituted the suit to set aside that agreement, which had imposed a personal liability on him. Had he been successful in that suit in relieving himself of such liability he alone would have been benefited. Neither Outdoor Advertising, Inc., of which he was then president, nor the General Outdoor Advertising Co., of which he was president when the settlement agreement was made, would have been in any way benefited. Cf. Ernest E. Lloyd, 55 Fed. (2d) 842. affirming 22 B. T. A. 674.
The expenses here involved were not incurred or paid in the business of either the General Outdoor Advertising Co. or Outdoor Advertising, Inc., or by reason thereof, but were incurred and paid in a suit the sole purpose of which was to relieve petitioner of a personal liability and such expenses therefore were his personal expenses and not expenses paid by him “in carrying on any trade or business”; and the amount thereof is not an allowable deduction, as claimed by petitioner.
If, however, it be conceded that the expenses claimed as a deduction arose directly from the settlement agreement of March 18, 1931, and that petitioner’s purposes, as above stated, for entering into that agreement were also the direct and proximate causes of the expenses here involved, the decision here must nevertheless be against petitioner because it is controlled by the case of Ernest E. Lloyd, supra, in which it was said:
* * * In practically every case where slanderous reports are circulated about an individual and damage bis character or reputation, such reports affect indirectly, and, to a certain extent, the business in which he is engaged. Any expense, however, incurred by him in defending his good name under such circumstances, cannot be said to be ordinary and necessary expenses incurred in carrying on Ms business. ||
“Slander” has been defined to be “words falsely spoken, which are injurious to the reputation of another”. * * * This definition indicates that when the slanderous words spoken are about the reputation of an individual, such individual himself is the one who suffers the injury. Any damages recovered for such injury is recovered by the individual. Applying this rule to the instant case, the injuries were suffered by the petitioner, and had he collected the amount of the judgment, such sum would have been his own private property and would have had no connection whatsoever with his business. The E. E. Lloyd Paper Company neither profited nor lost by the suit.
There would be no important difference between the facts in the Lloyd case and those here even if the purposes of the petitioner in *1043 entering into the settlement agreement of March 18, 1931, should be considered as the direct and proximate causes of the expenses here involved. If so considered, the expenses were nevertheless incurred and paid in protecting the personal reputation of the petitioner and to prevent injury to the two businesses in which petitioner was then engaged, as was also true in the Lloyd case. Under such circumstances, the expenses here are no more attributable solely to petitioner’s businesses than the expenses incurred in the Lloyd case were solely attributable to Lloyd’s business there. In the Lloyd case the expenses involved and disallowed as a deduction were incurred and paid in good measure for the protection of petitioner’s personal reputation as well as his business, as is also true in the instant case; and for that reason the expenses here involved likewise would not be allowable as a deduction from petitioner’s gross income even though it were conceded that the purposes of petitioner in entering into the settlement agreement of March 18, 1931, constituted the direct and proximate cause of such expenses.
The determination of the respondent is approved.

Decision will be entered for the respondent.