DREYFUS *v.* SCHNEIDER and others.

(*Circuit Court, S. D. New York.* November 10, 1885.)

1. PATENTS FOR INVENTIONS—DEFENSE OF PRIOR USE—BURDEN OF PROOF.
   The burden of proof is on the defendant to satisfy the court beyond a reasonable doubt that the defense of prior knowledge and use has been established Evidence *held* insufficient.
2. SAME—DESIGN PATENT—INFRINGEMENT—RESEMBLANCE.
   To constitute an infringement of a design patent it is sufficient if the resemblance of alleged infringing article to the patent is such as to deceive the ordinary observer.

In Equity.

*R. B. McMaster,* for complainant.

*William H. O'Dwyer,* for defendants.

COXE, J. The complainant is the inventor of a new and original design for a pendant, for which letters patent No. 14,356 were issued October 23, 1883. The pendant consists of a ring made of chenille, or other analogous fabric, suspended from a tuft, and a ball suspended in like manner in the center of the ring; the thickness of the ring increasing from the bottom of the tuft to a point diametrically opposite. The defenses are want of novelty and non-infringement.

It is argued in the complainant's brief that a portion of the testimony relating to prior use and knowledge is inadmissible under the pleadings; the defendants having failed in the answer to comply with the provisions of section 4920, Rev. St., in omitting to state the names and residences of the persons alleged to have invented or to have had prior knowledge of the patented design. The answer is not among the papers submitted, and therefore it is impossible to rule intelligently upon this objection; but a ruling is rendered unnecessary, as I am convinced that the testimony is not of that clear and convincing character required to overthrow the presumption of validity arising from the patent itself. The burden is upon the defendants to satisfy the court beyond a reasonable doubt that the defense of prior knowledge and use has been established. *Coffin* v. *Ogden,* 18 Wall. 120; *Howe* v. *Underwood,* 1 Fisher, 160; *Shirley* v. *Sanderson,* 8 Fed. Rep. 905; *Green* v. *French,* 11 Fed. Rep. 591; Walk. Pat. § 76. Tested by this rule the testimony of the defendants is wholly inadequate. It is too general, vague, and indefinite. Every fact and circumstance which might tend to raise a doubt as to the validity of the patent, and which is sufficiently explicit to admit of contradiction, is fully explained and answered by the complainant's evidence in rebuttal.

Bearing in mind the rule with reference to design patents, that it is enough if the resemblance is such as to deceive the ordinary observer, (*Gorham Co.* v. *White,* 14 Wall. 511,) there can be no question that the pendants, marked "Exhibit A," are infringements of complainant's patent. The difficulty upon this branch of the case is with

v.25F,no.8—31

the proof by which it is sought to connect the defendants with the infringing pendants. Though this evidence is not of the most convincing character, it was unquestionably sufficient to put the defendants upon their proof, and, as they have failed to deny the infringement after testimony was adduced which pointed to them with great directness as the wrong-doers, it is clearly the duty of the court to find against them on this issue.

There should be a decree for the complainant.