## BURR *v*. KIMBARK.[1]

### (*Circuit Court, N. D. Illinois.* July 26, 1886.)

PATENTS FOR INVENTIONS—INJUNCTION—ESTOPPEL.

Where defendant had been a licensee under the patents on which he was sued, and at one time claimed to own them, and had dealt extensively in the patented articles, the infringement being clear, *held*, that he was hardly in position to deny the validity of the patents, and a preliminary injunction granted.

In Equity.
*Munday, Evarts & Adcock*, for complainant.
*Coburn & Thacher*, for defendant.

BLODGETT, J. This is a motion for an injunction restraining the defendant from the use of devices covered by patents issued to the complainant as follows: One dated September 23, 1873, for an "improvement in wagon bodies;" one dated February 27, 1877, for "an improvement in dash-boards;" and one dated February 20, 1877, for "an improvement in wagon-body irons." The infringement of these patents by the defendant is fully established by the proof filed in the case, and in fact is not denied by the defendant. The defendant, however, denies the validity of the patents, and the utility of the devices covered by them, and also denies complainant's title to the patents in question. The fact of infringement being established clearly by the proofs, and it also appearing by the proof that the defendant has been a licensee of the complainant for the use of these patents, and at one time claimed to be the owner of the patents, and entitled to their use, and that he has extensively dealt in the patented article, it would seem that defendant is now hardly in position to seriously question the validity of the patent. At least, under the

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

circumstances, I think the complainant is entitled to a preliminary injunction restraining the defendant from the use of devices covered by the patent until such time as the case can be fully investigated upon the final hearing.