## SESSIONS *v.* GOULD *et al.*

### (*Circuit Court, S. D. New York. January 29, 1892.*)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.
     When the court is satisfied that defendants intend to manufacture and sell an infringing article, a preliminary injunction will issue, and it is immaterial whether they have already made actual sales, or have only given out samples of the goods which they offer to sell.
2. SAME—DEFENSES.
     The defenses of prior public use, and that the patentee appropriated the ideas and models of the real inventor, and falsely averred them to be his own, should not be disposed of on *ex parte* affidavits under a motion for a preliminary injunction, but should be reserved for final hearing.
3. SAME.
     Although the patent sued upon is evidently a narrow one, and there appears a possibility that on final hearing it may be found to be without patentable invention, yet the presumption created by the patent, when reinforced by long public acquiescence, is sufficient to warrant a preliminary injunction.

In Equity. Suit by John H. Sessions against William B. Gould and others for infringement of letters patent No. 203,860, issued May 21, 1878, to Charles A. Taylor, for an "improvement in trunk fixtures," and assigned to complainant June 1, 1878; and letters patent No. 255,122, issued March 21, 1882, to John H. Sessions, Jr., "for trunk fasteners," and assigned to the complainant July 1, 1888. Heard on motion for a preliminary injunction. Granted.

*Chas. E. Mitchell,* for complainant.

*Briesen & Knauth,* for defendants.

LACOMBE, Circuit Judge. Except for the fact that in the exhibit marked "Defendants' Catch A" the pin on the upper catch-plate is not cast with the plate, and in the exhibit "Defendants' Catch B" there is no pin at all, these catches are manifestly counter-parts of complainant's goods, and infringements of the patents sued upon. A careful examination of the affidavits and circulars leaves little doubt in my mind that, unless restrained by injunction, the defendants intend to manufacture and sell such goods. Whether they have already made actual sales, or have only given out samples of goods which they offer to sell, is immaterial, where there is reasonable ground to apprehend that they are about to sell the infringing articles. *White* v. *Heath*, 10 Fed. Rep. 291. If in fact they have no such intention, a preliminary injunction will do them no harm, and they cannot complain if by making and parting with Exhibits A and B, (and they do not deny that they did so,) and by issuing circulars to the trade, they have induced a belief that such is their intention.

The testimony as to the acquiescence of the public for many years in the validity of the patents sued upon is convincing, and sufficiently fortifies the presumption arising from the patents themselves to warrant the granting of a preliminary injunction. The contention that, in view of the prior state of the art, they do not disclose any patentable invention, is not sufficiently clear and convincing to overthow the case made out by the patents themselves and the public acquiescence in their validity. The defenses of prior public use, and (as to the Sessions, 1882, patent) that the patentee appropriated the ideas and model of the real inventor, and falsely averred them to be his own, should not be disposed of on *ex parte* affidavits, but reserved for final hearing.

The defendants' goods (Exhibits A and B) embody the improvement of the Taylor patent of 1878, covering the clutching device of a loop, engaging over a shoulder projecting from the upper catch, thereby securing a wider and stronger bearing than did the dowel engaging with a hole in the tang of the upper-catch, as arranged in his patent of 1872. The absence of the cast pin of the upper catch, whose sole function is to assist in fastening the upper catch to the valence, is in my opinion immaterial, because the second claim of the 1878 patent does not include the pin, but only the fastening devices, irrespective of the method of applying them to the trunk itself. It is for "a trunk catch or fastening, consisting of the plate, C, having thereon the lug or shoulder, L, the plate, G, and the snap-loop, J, substantially as and for the purposes specified." The plate, G, as shown in the specification, is arranged so as to be affixed to the trunk, and has on it "a box or recess, H, for containing the spring, I, and through which box or recess passes the cross-bar of the loop, J, having thereon a cam or eccentric, K, resting on the spring, I." That in the complainant's patent the recess and plate are separate castings, riveted together, while in the defendants' goods the same box-bearing plate is produced in a single casting, is immaterial. The same result is accomplished, and in the same way. No doubt the patent sued on is a narrow one, and on final hearing it may appear that

there was not sufficient patentable invention in substituting the snap-loop engaging with a shoulder for the dowel engaging with a hole in a tang to warrant the granting of a patent; but on the case made here, of such long-continued public acquiescence, it is to be assumed that it was a meritorious improvement, which defendants should not be allowed to infringe, although they may, by substituting one casting for two, have themselves made an improvement in the method of producing the completed plate. Infringement of the Sessions patent is too plain for discussion, if that patent is valid, and, for the reasons above indicated, it must be assumed to be so at this stage of the case.

Complainant may take injunction under claim 2 of the Taylor patent of 1878, and the Sessions patent of 1882, with a clause reserving right to sell any and all goods made by complainant himself.