## THOMSON ELECTRIC WELDING CO. v. TWO RIVERS MANUF'G CO. et al.

(Circuit Court, E. D. Wisconsin.  September 7, 1894.)

1. PATENTS — PRELIMINARY INJUNCTION — PUBLIC ACQUIESCENCE — ELECTRIC WELDING.
    Where a new art and apparatus, such as that of electric welding, is widely accepted by the scientific world and the public generally as novel and important, and is speedily put in operation, and the machines and rights under the patent are eagerly sought for by manufacturers, thus supplanting to a large extent the older methods,—all with no question as to the validity of the patent, except in the case of the defendant,—this is sufficient evidence of acquiescence to justify the issuance of a preliminary injunction, unless defendant can clearly show that the patent is invalid.

2. SAME.
    The Thomson patents, Nos. 347,140 and 347,141, for inventions relating to the art of electric welding, *held* valid and infringed, on motion for preliminary injunction, and injunction granted.

This was a bill in equity by the Thomson Electric Welding Company against the Two Rivers Manufacturing Company and others for infringement of certain patents for electric welding. Complainant moved for a preliminary injunction.

Isham, Lincoln & Beale and Fish, Richardson & Storrow, for complainant.

Miller, Noyes & Miller, for defendants.

SEAMAN, District Judge.  This hearing is on an order to show cause why preliminary injunction should not issue to restrain defendants from infringing letters patent granted to Elihu Thomson, and owned by complainant, as follows: No. 347,140, issued August 10, 1886, relating to the art of electric welding, alleged to have been invented by the patentee, and apparatus used therein; No. 347,141, dated August 10, 1886; and No. 385,022, dated June 26, 1888,—each for apparatus employed in carrying out this alleged new art.  It is conceded by defendants that they have had ample time to present, and that they have probably shown here, all the defense they can make by affidavits and proof of the prior art.  The complainant objects to the reception of two affidavits,—one by George A. Johnson, and one by Leo Daft,—because they were brought in shortly before the hearing, and long after the time stipulated for closing their proofs; but the delay seems to have been excusable, and left opportunity (which was well improved by complainant) for rebutting affidavits.  There being no request for further time to meet them, I deem it proper to let in these affidavits under the circumstances, and they are therefore taken into consideration for the purposes of the motion.

Since the argument, in which the points upon each side were well and clearly presented, I have taken such time as I could spare to consideration of the record and briefs, and have read with care all that has been introduced upon the part of the defense, and the impressions which came to me from the argument have not been changed.   The invention is employed by the defendants in welding hoops for pails and tubs, and the infringement is unquestioned, and, upon the conceded facts, is deliberate and flagrant, if the patents are valid.   All defense rests upon the ground of anticipation or want of invention in the patents.   This issue is frankly and squarely presented upon the part of the defendants, and I do not find any denial of complainant's showing that the patents were of great utility; that the alleged new art and apparatus were received and recognized by the world at large, and by electricians and scientists, as novel and important, and the process immediately entered into wide use, and revolutionized the methods of welding metals, especially where different metals were to be welded together; that manufacturers throughout the country have acquiesced in the validity of the patents continuously since their issue; that the great list of those who have operated under them embraces some of the largest in the country, reaches into all the manufacturing states, and there are apparently no contestants other than these defendants; that the defendants entered upon infringement after this general acquiescence and recognition, and after obtaining full information from complainant of the process and apparatus, and after refusal to accept license upon terms accorded to other licensees, which appear reasonable on their face, and are not attacked as unreasonable; that the equities of complainant entitle it to an injunction pendente lite, for protection of its rights and business with licensees, if the patents are valid, or are to be considered valid for the purposes of this motion; that the issuance of an injunction would not close the works of defendants, but would simply turn them back to their former method of welding hoops for their manufactured wares.   It is an established rule, for this circuit at least, that the injunctive powers of the court should not be exercised pendente lite against infringement of letters patent without some prior final adjudication of the validity of the patent, or "such continued public acquiescence in the exclusive right asserted as raises a presumption of validity; a presumption not arising from the letters patent, unless accompanied by public acquiescence." Standard Elevator Co. v. Crane Elevator Co., 6 C. C. A. 100, 56 Fed. 718; Electric Manuf'g Co. v. Edison Electric Light Co., 61 Fed. 834. There has been no adjudication of the validity of these patents, and, so far as appears, no opportunity has arisen heretofore for testing their validity.   Has there been public acquiescence in the claims here asserted, of sufficient definiteness and duration to afford presumption of validity?   This inquiry must depend in each case upon all the circumstances shown.   Here was clearly an assertion of a new art and apparatus for welding.   Its discovery was widely published and accepted by the scientific world, in Europe and America, and by the public generally, as novel and important.   It was speedily put into operation by the complainant, and its machines, and

rights for their use, were at once sought by manufacturers and metal workers; and it is unquestioned that the process had extended to an important share of the welding of metals throughout the country when the defendants entered upon its use. With an asserted invention of this character and utility, and operation under it firmly established since 1888, and to a considerable extent supplanting the older methods, I am satisfied that there is a sufficient showing of public acquiescence, and that "there arises such presumption of the validity of the patent as to entitle them to a preliminary injunction to restrain its infringement, unless the party sought to be restrained can clearly show its invalidity." Blount v. Société Anonyme, 3 C. C. A. 455, 53 Fed. 98; Sargent v. Seagrave, 2 Curt. 553, Fed. Cas. No. 12,365; Sessions v. Gould, 49 Fed. 855; 3 Rob. Pat. §§ 1185–1188.

The remaining question is whether the defense have given a clear and convincing showing (1) that the invention was merely the double use or analogous use in the art of a process previously known; or (2) that it was fully disclosed in previous publications or patents, and actually practiced, as a welding operation, prior to these patents, which should be held to overcome these presumptions, and the re-enforcing affidavits produced by complainants. Great research and ingenuity appear in this defense, but I am constrained to the opinion that neither proposition is maintained, to the degree required for preventing an injunction, and that their determination must be postponed to final hearing. They present the story frequently interposed against valuable patents, of laboratory experiments, of announcements, and of patents which may have come to the verge of this discovery; but the demonstrations are not clear, and the important fact stands in their way that they do not appear to have accomplished the electric weld which is shown by Thomson. The employment of heat and pressure for the operation of welding metals is old, and it was long known that heat could be obtained by the application of an electric current. These were not Thomson's discoveries; but he found a method for employing the electric current, localizing the heat at the joint to be welded, and applying simultaneously the requisite pressure, so that the separate pieces of metal could be properly united. I am not satisfied, for the purposes of this motion, that he was anticipated in this by Despritz, Joule, Plante, Cruto, or any of the patents shown, or by any experiments of Daft or Johnson. In this view the complainant is entitled to an injunction pendente lite against infringements of letters patent Nos. 347,140 and 347,141, and injunction will issue thereupon. With reference to letters patent No. 385,022, all determination will be postponed to final hearing.