LAMBERT SNYDER VIBRATOR CO. v. MARVEL VIBRATOR CO.

(Circuit Court, S. D. New York. April 29, 1905.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    The fact that a patent has not been adjudicated is not sufficient ground
    for refusing a preliminary injunction against its infringement, where
    that is clear, unless there is a substantial question as to its validity.

2. SAME.
    The Snyder patent, No. 773,234, for a vibratile apparatus, *held* valid
    and infringed as to claim 1, on a motion for preliminary injunction.

In Equity. Suit for infringement of letters patent No. 773,234,
for a vibratile apparatus, granted to Lambert Snyder October 25,
1904. On motion for preliminary injunction.

Wm. R. Davis, for the motion.
Grafton L. McGill, opposed.

LACOMBE, Circuit Judge. The patent is of very recent date,
and has not heretofore been adjudicated. That circumstance, how-
ever, is not sufficient ground for refusing preliminary injunction,
unless there is some substantial question as to validity. Fuller v.
Gilmore (C. C.) 121 Fed. 129. The evidence fails to disclose any
anticipating patent, or anything in the prior art which would at all
qualify the language of the first claim. The patents for toys which
have been put in proof are devised to secure vibrations in a flexible
movable arm, not in the rigid rod on which such arm moves. The
Wolverton patent is not in the prior art. The defendant, who

uses the patented device, advertises and commends it, certainly cannot question its utility; and, even if he could, the evidence is unpersuasive to a conclusion that it does not subserve some useful purpose. Some of the devices complained of have points of difference from the device of the patent. Possibly the changes are improvements, but the combination of the first claim is found in all of them. It is not necessary to discuss the other claims.

Complainant may take injunction under the first claim.