## PALMER v. WILCOX MFG. CO.

### (Circuit Court, S. D. New York.   December 6, 1905.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The fact alone that a patent is unadjudicated will not defeat the right to a preliminary injunction against its infringement; but unless it also appears from common knowledge, or from the prior art shown, that there is reasonable ground for doubt as to its validity, the presumption arising from its issuance by the Patent Office is sufficient to warrant injunctive relief against an infringer.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 474.]

2. SAME—BOLT ANCHOR.

The Newton patent, No. 725,278, for a bolt anchor, *held* valid and infringed on a motion for a preliminary injunction.

In Equity.   On suit for infringement of letters patent No. 725,278, for a bolt anchor, granted to S. S. Newton April 14, 1903.   On motion for preliminary injunction.

Harold Binney, for complainant.

Mr. Adams, for defendant.

LACOMBE, Circuit Judge.   The patent is only 2½ years old, and has not been adjudicated.   That circumstance alone, however, is not enough to overcome the presumption of validity arising from issue by the Patent Office.   It must also appear that from common knowledge, or by reason of some display of the prior art, there is reasonable ground for doubting the existence of patentable novelty.   Fuller v. Gilmore (C. C.) 121 Fed. 129; Lambert v. Vibrator Co. (C. C.) 138 Fed. 82.

In addition to the device first described, the patentee on page 2, lines 27 to 68 of the specification, sets forth a modified form of his bolt anchor.   It is so arranged that the interior corrugations are interrupted, and interrupted in such a manner that at intervals two or more of the corrugations engage with the threads of the screw; the threads being left free in the spaces between.   And these intervals of engaging corrugations are so spaced that screws having threads of different pitch may be used with the same anchor bolt.   This is possible, because all screws are made with a definite number of threads to the inch.   In none of the prior patents is there the slightest indication of any such interior arrangement accomplishing such a result.   In the patent which is relied upon as the best reference (Loffehardt, 665,536) the dowel pins, which may be considered to be the equivalents of interior corrugations, are shown as engaging each alternate thread, and it is apparent that they are not adapted for use with screws of varying pitch.   If Loffehardt's dowels were located at intervals of an inch apart, a different question would be presented.   The suggestion of a mode of insuring general adaptability would have been made, and Newton's device with greater engaging surface might be considered a mere improvement to be narrowly construed.   But upon the showing of the art here presented Newton's device is entirely novel, it certainly is useful, and so far as appears exhibits patentable invention.   The eighth claim fully and clearly covers this "modified form" of bolt anchor.

So far as interior corrugations are concerned, defendant's bolt anchor is a Chinese copy of the device shown in the patent. The argument that by using the words "spirally corrugated" the patentee restricted himself to an anchor bolt in which there are exterior spiral corrugations corresponding to the interior corrugations, is unpersuasive. The intent and meaning of the claim is made clear by the last clause of the sentence, in which the patentee indicates that the corrugated portions or parts which he claims are those which "engage with the threads of bolts having a different number of threads to the inch," and therefore are the interior corrugations.

Upon giving a bond in the amount of $1,000, conditioned that in the event of defendant's success at final hearing complainant will pay all damages resulting from the operation of preliminary injunction, complainant may have such injunction as prayed. The injunction, however, will be suspended for 30 days to give defendant opportunity to review this decision. The record is so brief that appeal can be perfected and record printed within ten days; and, since the rules give preference to such an appeal, it can be heard at December session of the court of appeals.