## STANDARD COMPUTING SCALE CO. v. DETROIT AUTOMATIC SCALE CO.

(Circuit Court of Appeals, Sixth Circuit. April 9, 1920.)

No. 3351.

**1. Patents ⬬312(3)—Actual view best evidence in suit for infringement of design patent.**

On the question of infringement of a design patent, oral evidence is never so satisfactory as the judgment of the eye, on actual view of the design of the patent and the one claimed to be an infringement.

**2. Patents ⬬328—For design for scale frame not infringed.**

The Jaenichen design patent, No. 40,157, for design of a scale frame, *held* not infringed.

Appeal from the District Court of the United States for the Southern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by the Standard Computing Scale Company against the Detroit Automatic Scale Company. Decree for defendant, and complainant appeals. Affirmed.

Edward N. Pagelsen, of Detroit, Mich., for appellant.

D. W. Cooper, of New York City, N. Y., for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This is an appeal by the plaintiff from the decree of the District Court dismissing a bill of complaint filed by the Standard Computing Scale Company against the Detroit Automatic Scale Company, for alleged infringement of design patent No. 40,157, granted July 20, 1909, to the Standard Computing Scale Company of Detroit, Mich., as assignee of Louis Jaenichen, covering design of a scale frame.

The bill of complaint also averred infringement of mechanical patent No. 1,001,202, issued to this appellant August 22, 1911, as assignee of Bert W. King. A decree was entered, by consent, adjudging the validity of this patent, and enjoining defendant from further infringement thereof. This appeal is from the decree of the trial court in reference to the design patent only.

It appears from the evidence that the defendant appellee has also secured a patent upon the design which it is claimed is an infringement of the patent in suit.

[1] Considerable evidence was introduced relating to the history of the art and to the basic principles, lines, and contour of each design, all of which is helpful to the court in the disposition of the question involved; but, where a question of an infringement of a design patent is presented, oral evidence is never so satisfactory as the judgment of the eye, upon actual view of the original design patent and the one claimed to be an infringement thereof. These designs are both for single column computing scales, and are of necessity similar in general construction, but materially different in appearance.

The record discloses the fact that the Standard Computing Scale Company brought a similar action in the United States District Court at Indianapolis, against the Strubler Computing Scale Company for infringement of the design patent here in suit, in which action the court found for the defendant and entered a decree accordingly. From this decree an appeal was taken to the Seventh Circuit Court of Appeals, which court entered a similar judgment November 13, 1917, no written opinion being filed. The Strubler design presents, at least, as much similarity to the appellant's design as does the design of the appellee. For this reason the decision of the Circuit Court of Appeals of the Seventh Circuit, while not controlling in this case, is strongly persuasive.

[2] Independent of the decision in the Strubler Case, however, it is apparent to the eye that there is such a substantial difference between the design of the appellant and the design of the appellee that the latter cannot be held to be an infringement of the former.

The judgment of the District Court is affirmed.