## MILWAUKEE PRINTING CO. et al. v. STOVER et al.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1923.)

No. 3165.

1. **Patents ⚙️➡297(1)—Preliminary injunction in infringement suit authorized, where denial would be injustice.**

   A patent is presumptively valid, and where the initial showing so strongly supports the presumption that the denial of a preliminary injunction would be an injustice, the injunction will be granted, notwithstanding the general rule that preliminary injunction in a patent suit ought not to be granted, except where the validity of the patent has been upheld in other litigation, or where the public has acquiesced in the patentee's domination of the market.

2. **Patents ⚙️➡294—Trade-marks and trade-names and unfair competition ⚙️➡ 95(1)—Order for preliminary injunction not abuse of discretion, where unfair competition shown.**

   In a suit for patent infringement, where defendants had been in close business relations with complainant in marketing their product, and had severed such relationship, and had begun to market a product of their own in a dress and methods that appeared on the application for preliminary injunction to constitute unfair competition, *held*, that an order granting preliminary injunction to restrain infringement and unfair competition was not an abuse of discretion.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Bill in equity by Russell Stover and another, copartners under the firm name and style of the Russell Stover Company, against the Milwaukee Printing Company and others, to restrain patent infringement and unfair competition. A motion for preliminary injunction was granted, and defendants appeal. Affirmed.

L. C. Wheeler, of Milwaukee, Wis., for appellants.

A. C. Paul, of Minneapolis, Minn., and Edward Rector, of Chicago, Ill., for appellees.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. Appellees' bill of complaint charged appellants with infringement of patent No. 1,404,539, January 24, 1922, to Nelson, for a confection, and further charged appellants with unfair competition between the alleged infringing article and the patented article. On appellees' motion, supported and opposed by affidavits, the court entered a preliminary injunction covering both features of the bill.

[1] It has been said quite generally that a preliminary injunction ought not to be granted in a patent suit, except where the validity of the patent has been upheld in other litigation, or where the public has

acquiesced in the patentee's domination of the market. But such a rule cannot be accepted as being invariably true. A patent is presumptively valid, and that presumption might be so strongly buttressed on the initial showing that it would be an injustice to deny the motion for a preliminary injunction.

[2] In the present case it may be conceded that the presumptive validity of the patent has not been fortified in the contest by affidavits beyond the possibility of appellants' prevailing on final hearing. But, inasmuch as appellants have not shown to a certainty that the patent is invalid, we find that the circumstances and methods of infringement of the presumptively valid patent were such as to justify the District Judge, without abuse of discretion, in awarding a preliminary injunction. Appellants had been in close business relations with appellees in marketing appellees' product. When appellants cut loose and began to market a product of their own, they did not do so in a way to present only a clear-cut question of patent infringement. They marketed their product in a dress and by methods that appeared on this preliminary hearing to constitute unfair competition. Having mixed their present form of infringement with fraud, they are in no position to complain of the decree.

Affirmed.