## FRANKLIN KNITTING MILLS, Inc., v. GROPPER KNITTING MILLS, Inc.

(Circuit Court of Appeals, Second Circuit. November 3, 1926.)

### No. 14.

**1. Patents ⬡⟹328.**

Design patent No. 43,459, for knitted necktie, *held* valid and infringed.

**2. Patents ⬡⟹43.**

Novel design of knitted necktie, useful, ornamental, and pleasing, is patentable, notwithstanding novel element is hidden when waistcoat is worn.

Appeal from the District Court of the United States for the Southern District of New York.

Patent infringement suit by the Franklin Knitting Mills, Inc., against the Gropper Knitting Mills, Inc. From a decree dismissing its bill (7 F.[2d] 381), plaintiff appeals. Reversed and remanded with directions.

Harold R. Lowe, of Jamestown, N. Y. (Edward M. Evarts, of New York City, of counsel), for appellant.

Goldenberg & Silverman, of New York City, for appellee.

Before MANTON, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. The trial judge, doubting infringement and finding lack of novelty and invention in design patent No. 43,459, for knitted necktie, issued January 21, 1913, dismissed the bill for infringement thereof.

[1, 2] Concededly, the so-called "merrowed" edge shown in patent drawing is new; so, too, is the concave curve of the tapering ends and the rounded tongues or points; the relative size of the two ends is old. Defendant copies the merrowed edge and the rounded point; neither party in practice has the concave curve.

Plaintiff's tie has been commercially highly successful; defendant has paid it the tribute of almost exact imitation; the slight departure from the patent design in our judgment is not sufficiently noticeable to the average purchaser or wearer to avoid infringement.

That the novel element in the design is hidden, if a waistcoat is worn, is immaterial; ties are marketed as such; they are bought, not only because of their utility to the wearer and their attractiveness to others when worn, but also because of the appeal, as novel, ornamental, and pleasing, that the design makes to the æsthetic sense of the purchaser, ofttimes the wife, sweetheart, or female relative of the man who is to wear it. That sense may be favorably or unfavorably aroused by the appearance of the tie in the box or in the hand, entirely regardless of the fact that the, or one of the, attractive elements may be concealed when worn. We cannot concur in the contrary views expressed in Phœnix v. Hygienic, 194 F. 696, 699, 115 C. C. A. 118.

Of course, in part the design is utilitarian; it is that of a necktie to be worn; all ties have certain common elements. But in its entire shape the design is new and novel; and in our judgment, and evidently in that of the defendant, it is ornamental and pleasing. This suffices to sustain the claim of invention, and to support the validity of the design patent.

Decree reversed, and cause remanded, with directions to grant an injunction and an accounting.