## HUTTO ENGINEERING CO., Inc., v. GRINDER SALES CO. et al.

District Court, E. D. Michigan, S. D.    April 20, 1927.

No. 1837.

1. **Patents ⊚⟹297(1)—Preliminary injunction may be granted against infringement of unadjudicated patent, if validity and infringement are clear.**

In exception to the general rule, a preliminary injunction may be granted against infringement of a new and unadjudicated patent. where the infringement is clear and validity is not seriously questioned.

2. **Patents ⊚⟹312(3)—That alleged infringer was formerly exclusive sales agent is persuasive against it.**

That an alleged infringer was formerly exclusive sales agent for the patented device is persuasive against it of validity and the equity of the owner of the patent.

3. **Courts ⊚⟹263—Court, finding patent valid, may deal with unfair competition arising out of infringing acts.**

Having found patent valid, court has jurisdiction to deal with unfair competition arising out of same acts charged as infringement.

4. **Patents ⊚⟹328—Preliminary injunction granted against infringement of Hutto, 1,-610,681, for grinding tool.**

Preliminary injunction granted against infringement of the Hutto patent, No. 1,610,681, for grinding tool, by a former exclusive sales agent for the tool, and against unfair competition.

In Equity. Suit by the Hutto Engineering Company, Inc., against the Grinder Sales Company and others. On motion for preliminary injunction. Granted.

Stuart C. Barnes, of Detroit, Mich., for plaintiff.

Edward N. Pagelsen, of Detroit, Mich., for defendants.

TUTTLE, District Judge. Plaintiff moves for a preliminary injunction, enjoining the defendants from (1) infringing the Hutto patent in suit, No. 1,610,681; (2) replacing stones and carriers in Hutto tools, where only the stones are worn out; (3) buying carriers and stones manufactured by plaintiff, refilling them, and selling them to owners of plaintiff's tools; (4) advertising the repair of tools of plaintiff's manufacture, without at the same time announcing

that the defendants are no longer connected with the plaintiff.

The patent in suit relates to a grinding tool, particularly intended for grinding automobile engine cylinders. It is what the plaintiff calls a solid-back, self-adjusting stone tool. By this they mean that the stones and carriers are radially projected by an adjusting device to meet the walls of the cylinder, and are solidly held in this projected position, and yet at the same time the stones can tilt slightly to adjust themselves to the contour of the wall of the cylinder. Plaintiff distinguishes this solid-back tool from the type of cylinder grinder which it calls a, hone, where the stones are spring-pressed against the cylinder walls, and yield inwardly when they meet considerable resistance.

The affidavits accompanying the motion and filed by the plaintiff show that the plaintiff's tool has been adopted as the exclusive production tool for cylinder grinding by many of the large automobile companies. The record also shows that the defendant Grinder Sales Company was for something over two years the exclusive sales agent for the plaintiff's tool. The contract between the parties recites that the patentee, Hutto, is the inventor of the tool which is the subject-matter of the contract, and contains certain provisions for license to manufacture, and the payment of royalty in case the manufacturer could not furnish the defendant Grinder Sales Company with the tool in adequate numbers. The contracts between the parties were finally canceled by mutual consent and suitable releases in July, 1926. Some time after that the defendant Grinder Sales Company began the manufacture and sale of the tools complained of. It also offered for sale carriers and stones which could be fitted into the plaintiff's tools. The Hutto patent in suit issued December 14, 1926.

The plaintiff has not proved that the defendants, since the issue of the patent, have manufactured or offered for sale carriers and stones intended to replace carriers with worn-out stones in the Hutto grinder. I therefore regard the question raised by the plaintiff as not properly before me at this time. That question relates to the right to replace a larger assembly than the worn-out parts in making repairs. I will therefore deny this prayer for preliminary injunction, without prejudice to renewing it, if the plaintiff can subsequently prove that the defendants are engaging in the practices of which it complains.

As to the third prayer for injunction, I find that the plaintiff has failed to establish that the defendants, since the issue of the patent, have purchased the plaintiff's carriers with worn-out stones, refilled them, and sold them to other owners of the plaintiff's tools for use therein. This being the case, the third prayer for preliminary injunction is denied without prejudice, and plaintiff shall be at liberty to renew its petition for injunction in this behalf, if it can establish that the defendants are indulging in the practice complained of.

[1] The patent is of recent issue, has been unadjudicated, and has not been issued long enough to show any considerable public acquiescence in its validity. Ordinarily, under these circumstances, preliminary injunction will not issue. However, there appears to be a well-defined exception to this rule, where the infringement is clear, and the defenses raised do not seriously inpugn the validity of the patent. In the line of cases supporting this exception are Foster v. Crossin (C. C.) 23 F. 400; Fuller v. Gilmore (C. C.) 121 F. 129; McMaster v. Daugherty Mfg. Co., 219 F. 220 (C. C. A. 3); Wright Co. v. Herring-Curtiss Co. (C. C.) 177 F. 257; Palmer v. Wilcox Mfg. Co. (C. C.) 141 F. 378; Lambert Snyder Vibrator Co. v. Marvel Vibrator Co. (C. C.) 138 F. 82; Boyce v. Stewart-Warner Speedometer Corporation (C. C. A.) 220 F. 118.

The defendant in its answer relies only upon certain patents there set up. These have been exhibited to me and argued by counsel, and my present view is that none of these patents invalidate the claims in suit. Hence, on the prior art set up by the defendant, it seems reasonably clear to me that the patent claims are valid. The defendants' tool complained of is quite a close copy of the plaintiff's tool, and of the tool shown in the patent, and hence I think there can be no real question of infringement. These being my conclusions, I believe that the plaintiff is entitled to a preliminary injunction on the above authorities. The validity of the patent appears reasonably clear, and infringement is hardly open to doubt.

[2] There is another circumstance in this case which further warrants the issue of this preliminary injunction. The defendant company was a former exclusive sales agent of the plaintiff for the tool upon which the patent in suit issued, and was furthermore a licensee to manufacture under certain circumstances specified in the contract. While it is true that these contracts have been ter-

minated, and consequently the strict rule of estoppel does not apply, nevertheless these facts are persuasive in determining the validity of the patent, and also raise a strong equity in favor of the holder of the patent. Blount v. Société Anonyme du Filtre, etc., 53 F. 98 (C. C. A. 6); Standard Typewriter Co. v. Standard Folding Typewriter Sales Co., 181 F. 500 (C. C. A. 2); Milwaukee Printing Co. v. Stover, 290 F. 387 (C. C. A. 7); Burr v. Kimbark (C. C.) 28 F. 574; Adam v. Folger, 120 F. 260 (C. C. A. 7).

[3, 4] Having found, for the purpose of this preliminary injunction, that the patent is apparently valid, the court has jurisdiction to deal with the question of unfair competition, where it arises out of the same acts complained of as infringement of the patent. Vogue Co. v. Vogue Hat Co., 12 F. (2d) 991 (C. C. A. 6). The plaintiff, by its affidavits, has, I think, established that the defendant Grinder Sales Company has received orders directed to the plaintiff company at defendant's address, and defendant company has filled these orders; also that defendant company has received orders directed to itself, calling for Hutto equipment, and that defendant company has filled these orders with tools of its own manufacture. Defendants, however, claim to have accompanied shipments in response to said orders with letters explaining that they were not any longer handling the Hutto line, and that they were filling the orders with their own goods, and that the purchaser was at liberty to return the same, if not satisfactory.

The plaintiff asks that defendants be required to place upon their literature a statement to the effect that they are no longer connected with the Hutto Engineering Company, or that they are no longer selling the Hutto tool, or words to this effect. I do not believe that, on motion for preliminary injunction, plaintiff is entitled to relief to this extent. However, I do believe that mail directed to the plaintiff company at defendant's address should not be accepted, nor opened, by defendants. I believe, also, that defendants should be temporarily restrained from filling any orders directed to the defendant company, and specifying Hutto equipment, without notifying the customer that defendants are no longer connected with the plaintiff, and that defendants do not handle any goods of plaintiff's manufacture.

An order in accordance with these views may be prepared.