## W. A. SHEAFFER PEN CO. v. WORTH FEATHERWEIGHT PEN CO.

District Court, S. D. New York.

July 1, 1930.

Kiddle, Margeson & Hornidge, of New York City (Thorley Von Holst and J. Bernhard Thiess, both of Chicago, Ill., and Henry T. Hornidge, of New York City, of counsel), for the motion.

Charles Greenwald, of New York City, opposed.

WOOLSEY, District Judge.

This motion is in all respects granted.

I. This is a suit in equity between a corporation of Delaware and a corporation of New York which seeks to enjoin infringement by the defendant of the plaintiff's design patent No. 78,795, and the plaintiff's registered trade-marks U. S. No. 219,435 and U. S. No. 226,426, and also to prevent the defendant from continuing unfair competition with the plaintiff by selling its pens under the name of "Safer" pens and by issuing guaranties of its pens purporting to be given by the "Safer Service Pen Company."

The jurisdiction of the court under the first two heads of the plaintiff's claims is

based on the patent law and trade-mark law of the United States, respectively, and under the claim for unfair competition on diversity of citizenship and the fact that the amount involved exceeds the minimum jurisdictional requirement.

So far as the venue in this district is concerned, it is based, in so far as the patent trade-mark laws are involved, on infringements within this district, and, in so far as the unfair competition claim is concerned, on the fact that the defendant is a corporation of New York state sued here by a corporation of Delaware.

II. The plaintiff is assignee of United States design patent No. 78,795, applied for November 21, 1928, and granted June 18, 1929, for a period of 14 years to plaintiff's assignor, Craig R. Sheaffer.

The claim of the patent is "the ornamental design for a fountain pen substantially as shown."

The drawing of the design accompanying the patent portrays a fountain pen of which the barrel and cap are tapered in felicitously conceived curves, and which gives, in silhouette, an unusually pleasing impression to the eye. An observer cannot fail, as I did when I first saw a pen of this design, to appreciate its inherent beauty of line and its apparent appropriateness for its purposes.

As is shown by the file wrapper, Sheaffer's patent was first rejected on January 3, 1929, on the basis of a previous patent No. 1,550,599, taken out by one Samuel Walker on August 13, 1923, and on prior art as shown by a catalogue of the Eagle Pen Company.

When, however, it was pointed out by the Sheaffer Company that the Walker patent, although for a conical cap for a fountain pen, did not in any way resemble the design for which Sheaffer was seeking a patent, and that the curvilinear effect of both barrel and cap in the Sheaffer design was wholly new and different from any previous design for pens shown in the prior art, the Patent Office—quite rightly, it seems to me—reversed its ruling, and, as above stated, granted the patent to Sheaffer on June 18, 1929.

III. The commercial success of the new design was almost instantaneous, and, according to the affidavits before me, pens of the patented design far outsell pens of the old type having cylindrical barrels and caps, and blunt ends.

The value of the design has eloquent tribute paid to it by the defendant, who has made and sells a "Chinese copy" of it, and who when this suit was brought frantically circularized the trade for contributions to a fund to fight against the validity of the patent for the Sheaffer design.

Apparently this appeal was ineffectual, for the defendant's counsel stated on the oral argument that it had not been able to afford a patent lawyer to maintain its defense and later advised me that it could not afford to file a brief on this motion.

This failure of the defendant's call for aid itself evidences and apparently was due to the fact that there has been a considerable degree of acquiescence by the pen trade in the validity of the patent for the plaintiff's design. Four companies are named in the plaintiff's affidavit as having desisted, on notice, from manufacturing pens infringing the plaintiff's design.

IV. The only question here presented involving a colorable controversy is the validity of the patent on which one aspect of the motion is based.

Admittedly, there is not any question whatever as to infringement if the patent is valid, and on the trade-mark and unfair competition issues the plaintiff's affidavits show practically without challenge on the defendant's part facts that constitute ground for an injunction on those branches of the case. Indeed, a temporary restraining order, with bond, is now outstanding, to prevent unfair competition pending the decision of this motion.

V. Although as yet the plaintiff's design patent has not been adjudicated, there are here such circumstances tending to establish its validity as enable me to feel so confident that its validity will be sustained on final hearing as to justify my granting the preliminary injunction on the patent here sought.

The design which is the subject-matter of the patent in suit comes within the definition of patentable design given in Gorham Mfg. Company v. White, 14 Wall. (81 U. S.) 511, 524, 526, 527, 20 L. Ed. 731, for it gives a distinctive appearance and form which is new and pleasing to the eye. Cf. Graff et al. v. Webster, 195 F. 522, 523 (C. C. A. 2); Crier v. Innes et al., 170 F. 324, 326 (C. C. A. 2); Try-Me Beverage Co. v. Metropole (D. C.) 25 F.(2d) 138, 193; and Gross v. Norris, 26 F.(2d) 898, 900 (C. C. A. 4).

The granting of the patent was in and of itself prima facie evidence that the patentee was the first inventor and that the patent is valid. Lehnbeuter v. Holthaus, 105 U.

S. 94, 96, 26 L. Ed. 939; Dreyfus v. Schneider (C. C.) 25 F. 481; Untermeyer v. Freund (C. C.) 37 F. 342, 343; Phœnix Knitting Works v. Bradley Knitting Co. et al. (C. C.) 181 F. 163, 165; Grelle et al. v. City of Eugene, Oregon, 221 F. 68, 69 (C. C. A. 9); Railroad Supply Co. v. Hart Steel Co., 222 F. 261, 274 (C. C. A. 7); Bayley & Sons, Inc., v. Braunstein Bros. Co., 246 F. 314, 316 (D. C. 2); Boyle v. Rousso, 16 F.(2d) 666, 667 (C. C. A. 8).

■ This presumption of validity is, of course, made stronger when, as here, the best prior art now invoked by the defendant was cited and disregarded in the Patent Office, as is shown in the file wrapper here submitted. Cf. Eloesser-Heynemann Co. v. Bayly-Underhill Mfg. Co. (D. C.) 29 F.(2d) 305, 308.

In addition to the presumption of validity from the granting of the patent, we have here great commercial success, which is emphatically recognized by the defendant itself in making its pens precisely after the plaintiff's design. Cf. Franklin Knitting Mills v. Gropper Knitting Mills, Inc., 15 F.(2d) 375 (C. C. A. 2); Railroad Supply Co. v. Hart Steel Co., 222 F. 261, 268 (C. C. A. 7); Bush & Lane Piano Co. v. Becker Brothers (D. C.) 209 F. 233, 234; Theodore W. Foster & Bro. Co. v. Tilden-Thurber Co., 200 F. 54, 57 (C. C. A. 1); Scofield v. Browne, 158 F. 305, 306 (C. C. A. 3).

Also we have the acquiescence in the patent by several manufacturers in desisting from making pens of the plaintiff's design when notified of the patent. Cf. Thomson Electric Welding Co. v. Two Rivers Mfg. Co. (C. C.) 63 F. 120, 121; Blount v. Societe Anonyme du Filtre, etc., 53 F. 98, 102 (C. C. A. 6); Sessions v. Gould (C. C. A.) 49 F. 855, 856; Sargent v. Seagrave, 21 Fed. Cas. 505, 506, No. 12,365.

Finally we have here a most obvious case of commercial piracy, evidenced in the attempt on the part of the defendant by using the word "Safer" on its pen, almost idem sonans with the plaintiff's name, and by imitating the plaintiff's trade-marks, to trespass with inferior goods on the plaintiff's trade rights. Cf. Graff, etc., v. Webster, 195 F. 522, 524 (C. C. A. 2).

Under such circumstances the defendant is not in a position justly to complain of having the somewhat drastic remedy of an injunction pendente lite granted against it. Cf. Milwaukee Printing Co. et al. v. Stover, 290 F. 387, 388 (C. C. A. 7); Chester Forging & Engineering Co. et al. v. Tindel-Morris Co. (C. C. A.) 165 F. 899, 901; and, also, Tropic-Aire, Inc., v. Jumper et al. (D. C.) 28 F.(2d) 631, 633.

Indeed, the defendant, in effect, stood mute, as well befitted it, on all issues except the issue of the validity of the plaintiff's patent, which, for the reasons above given, I have found against it.

VI. It seems to me that every ground for which a preliminary injunction, on an unadjudicated patent, has been granted and approved exists in this case. Cf. Dominick & Haff v. R. Wallace & Sons Mfg. Co., 209 F. 223 (C. C. A. 2); Derk Mfg. Co. v. Northampton Textile Co., 40 F.(2d) 266 (C. C. A. 3, June 2, 1930); Standard Computing Scale Co. v. Detroit Automatic Scale Co., 265 F. 281 (C. C. A. 6); McMaster v. Daugherty Mfg. Co., 219 F. 219 (C. C. A. 3); Packard Motor Car Co. v. Overland Motor Co. (D. C.) 28 F.(2d) 306; Tropic-Aire, Inc., v. Jumper et al. (D. C.) 28 F.(2d) 631; Hutto Engineering Co. v. Grinder Sales Co. (D. C.) 18 F.(2d) 985; Lambert Snyder Vibrator Co. v. Marvel Vibrator Co. (C. C.) 138 F. 82; Fuller v. Gilmore (C. C.) 121 F. 129; Blount v. Societe Anonyme du Filtre, etc., 53 F. 98 (C. C. A. 6); Margot v. Schnetzer et al. (C. C.) 15 F. 118.

VII. As above mentioned, the defendant did not file any brief before me on this motion, and consequently I have been at special pains to look for cases which might have been cited in its behalf. I have, however, been unable, in the time at my disposal, to find any which weaken the plaintiff's case on the facts or contravene the authorities which counsel for the plaintiff has called to my attention.

VIII. The parties may settle the order to be entered herein on five days' notice, and appear before me on Tuesday, July 15th, at 2:30 p. m. to present the order and argue, unless it be meantime agreed, the amount of the bond to be given by the plaintiff.