**P. L. & M. CO. v. BALLAGH et al.**
**No. T-105-M.**

District Court, S. D. California, Central Division.
July 31, 1931.

Chas. M. Fryer and Alfred C. Aurich, both of San Francisco, Cal., for plaintiff.

Ewell D. Moore, of Los Angeles, Cal., for defendants.

McCORMICK, District Judge.

After careful analysis of the bill of complaint, the answer of defendants Ballagh,

Armington, and Armite Laboratories, and the affidavits on file, I am of the opinion that a preliminary injunction should issue herein enjoining the defendants, their agents, servants, employees, and attorneys, and those in active concert or participating with them, pendente lite, from making, using, or selling, or causing to be made, used, or sold, or threatening, advertising, or offering to make, use, or sell, or contributing to the making, using, or selling of any processes embodying or containing the invention patented or claimed in and by United States reissue letters patent No. 17,323, and specifically, the process and/or product called "Armite Arcweld," and it is so ordered. Said preliminary injunction to issue upon the giving and filing by plaintiff of a good and sufficient bond in the sum of $3,000. The bond may be approved by a judge of this court or the clerk thereof.

In amplification of the foregoing order, it is thought proper to state that the proof adduced warrants protection to the plaintiff against the manufacture, vending, and sale of the process and product "Armite Arcweld" by the issuance of a preliminary injunction to operate pendente lite herein.

■■ It is true that the rule is well established that except in extraordinary cases, a preliminary injunction should not issue in a patent infringement suit where there has been no adjudication of the validity of the patent. The record here presents an extraordinary situation. The patent is presumed valid and the proof shows that the defendants or some of them have been in close business relationship with plaintiff in the marketing of the product "Blackor," which is a process and product manufactured by plaintiff and embodies the invention patented by the patent in suit. Moreover, the evidence shows that upon severance of a business relationship with plaintiff, the defendants commenced dealing in "Armite Arcweld," which according to the evidence is clearly within claims of plaintiff's patent. The answer of defendants is merely a denial of the allegations of the bill of complaint, and the only justification in the record for the manufacture and sale of "Armite Arcweld" is a statement in one of the affidavits that some person represented to defendant that he had produced and tested a compound for hard surfacing of metals that would not infringe any existing patent, and who cited an expired English patent which described the use of Tungsten as a hard surfacing substance when applied by fusion method, and that therefore any subsequent patent covering the application of Tungsten would in his opinion be void for want of invention. It seems to me that upon such a meager showing in the face of the proofs of the issuance of the patent in suit and the acquiescence of the public in its validity, as well as the activities of the defendants in marketing the product "Armite Arcweld," every ground for which a preliminary injunction on an unadjudicated patent has been granted and approved, exists in this case. Milwaukee Printing Co. v. Stover (C. C. A. 7) 290 F. 387. Crescent Specialty Co. v. National Fireworks Distributing Co. (C. C. A. 6) 219 F. 130. Sheaffer Pen Co. v. Worth Featherweight Pen Co. (D. C.) 41 F.(2d) 820.