SAMUEL ROTTENBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38720, 41165.   Promulgated August 25, 1930.

*Joseph K. Kraus, Esq.,* for the petitioner.
*Ralph S. Scott, Esq.,* for the respondent.

OPINION.

BLACK: These two cases were consolidated for hearing and decision.   Docket No. 38720 involves a deficiency in income tax of $583.29 for the year 1925, and Docket No. 41165 involves a deficiency of $587.45 for the year 1926.   The same question is presented in both cases, viz., the right of petitioner to a deduction of $5,200 in each year for salary paid to his son, which he alleges was an ordinary and necessary expense incurred in a business in which he was engaged.   The petitioner during the taxable years was the president and a large stockholder of the Rottenberg Sons Co., a corporation.   The balance of the stock was held by petitioner's brother and his mother.   He was trustee for his mother, which gave him control of the company.   The corporation was engaged in the yarn business in New York City and in addition to the ordinary office duties of president, petitioner made frequent trips to Boston, Philadelphia, and other textile centers, for the purchase and sale of yarns and promoting the business of the company.   For these duties petitioner drew a good salary, though the amount thereof is not stated in the record.   At the same time he was interested as an investor in two real estate corporations operating subdivisions on Staten Island and Long Island.   He was not an official in either and took no part in their management, but held considerable preferred stock in them.   Petitioner's son, Julius Rottenberg, left high school in 1921 and at once took a position with the corporation of which his father was president, for the purpose of learning the business and qualifying himself for an executive position in the future.   He began in the mill learning how yarn was made and from that went through the purchasing and sales departments as a general handy man, usually as an assistant to some other person. During the taxable years he was paid a salary of $100 week, or $5,200 a year, by the corporation.   In addition to this during the taxable years he was paid by his father, the petitioner, the sum of $100 a week, or $5,200 a year, for services alleged to have been performed for the petitioner.   The nature of these services was described

in the testimony of Julius Rottenberg, son of the petitioner, as follows:

Q. Now, will you please tell the court what your duties were, starting with the beginning of 1925?

A. My dad was compelled at that time to do a great deal of traveling through Philadelphia and Boston, as the business was mostly,—his end of the business, was mostly the purchasing of yarns, and supervising the general sales policies of the company, as well as taking care of financial matters, matters of credit with the banks and institutions of that kind. He also had at that time a considerable amount of money in a real estate venture in New York, consisting of selling real estate on time payments—lots on the time payment plan. He had invested several hundred thousands of dollars in that company, and some of my duties were to investigate the different properties that they bought, ascertain their values, to attend different sales meetings of this company, to see just how the sales policies of this subsidiary company of this company, which he had an interest in, was carried on.

He also had interests in several other businesses, and also some charitable matters, which I had to attend meetings for him, and also to take care of purchases which he made, and interview people in regard to his purchases during his absence on various trips to Philadelphia and Boston and other textile centers.

During the taxable years he was twenty-two or twenty-three years old, with no business experience other than that above indicated, and in all he was drawing salaries amounting to $10,400 annually.

Section 214 (a) (1) of the Revenue Acts of 1924 and 1926 provides that " In computing net income there shall be allowed as deductions, all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered." We think under the authority of previous decisions of this Board, petitioner in determining his net income for the taxable years should be allowed to deduct the amounts paid his son under the circumstances detailed above, provided that such amounts were reasonable payments for services actually rendered. *Estate of K. Threefoot*, 9 B. T. A. 499; *Lillian M. Goldsmith*, 7 B. T. A. 151; and *Alfred Le Blanc*, 7 B. T. A. 256.

Respondent, however, contends that the salary of $5,200 which the petitioner paid his son in each of the taxable years, considering the fact that he was only twenty-two years of age in 1925 and twenty-three years of age in 1926, and with only a very limited business experience, was unreasonable. In view of this contention of the respondent, it is necessary for us to put a value on the services rendered to the petitioner by his son, to the end that the petitioner be permitted to deduct the reasonable allowance prescribed in the statutes.

In view of the fact that the evidence shows that petitioner's son, Julius Rottenberg, was employed during the taxable years by

Rottenberg Sons Co., and was receiving a salary from that company of $100 per week, or $5,200 a year, and that these services took the greater part of his time, we are of the opinion that $2,400 for each of the taxable years 1925 and 1926 would have been ample compensation for the extra services which he rendered his father. We therefore hold that $2,400 for each of the years 1925 and 1926 will be a reasonable allowance to the petitioner for salary or compensation paid his son in those years. Anything more than that, we think, was without reasonable relationship to the value of services rendered or the amount of income produced and, in substance, may be regarded as the gift of income after receipt. Such payments are not deductible from the income of petitioner as reasonable compensation for services rendered in connection with business operations. *Jascha Heifetz,* 15 B. T. A. 410.

*Judgment will be entered under Rule 50.*