JAMES D. ROBINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104734.   Promulgated September 5, 1941.

*Sidney J. Hayles, C. P. A.,* for the petitioner.
*J. Marvin Kelley, Esq.,* for the respondent.

**OPINION.**

BLACK: The applicable statutes and regulations are printed in the margin.[1]

---

[1] Revenue Act of 1936—
SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

SEC. 24. ITEMS NOT DEDUCTIBLE.
(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—
(1) Personal, living, or family expenses;
       *        *        *        *        *        *        *

ART. 23 (a)–1. [Regulations 94.] *Business expenses.*—Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business, * * *

There is no question but that petitioner was out of pocket the $4,853.10 which he claimed as a deduction from his gross income on his 1937 income tax return. One thousand dollars of this amount he paid in cash to R. Clyde Williams and the other $3,853.10 he paid to Fenner & Beane to make good a loss in a stock trading account carried in the name of R. Clyde Williams which had been guaranteed by petitioner and was operated and conducted for Williams' benefit by petitioner.

But, while there is no doubt that petitioner paid out the funds which he claims as a deduction, were these expenditures "ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business" within the meaning of section 23 (a), printed in the margin? We think that question must be answered in the negative and that the Commissioner must be sustained in his disallowance of the claimed deduction.

We think that what happened, as disclosed by the evidence, was approximately this: Williams was a valuable officer and employee of the First National Bank of Atlanta and petitioner knew it. Williams had received a favorable offer from a New York bank which he was about to accept and petitioner, as an officer and director of the bank, did not want the bank to lose his services. Therefore he proposed to the directors of the bank that the bank pay Williams an increase in salary so as to hold him. This the directors declined to do in 1937. Petitioner, knowing that Williams was a valued employee of the bank and would be of great assistance to petitioner when he became president of the bank in 1938, a fact which seemed to have already then been agreed upon, rather than lose Williams' services, decided that he would pay out of his own pocket an amount which would hold Williams. This he did, as detailed in our findings of fact. In making such an expenditure we think that petitioner was incurring something in the nature of a personal expense rather than an ordinary and necessary business expense. Throughout the year 1937 Williams was an officer and employee of the First National Bank of Atlanta and not of petitioner. The bank did not of course have the right to deduct as a business expense the amounts which petitioner paid to Williams, for the simple reason that the bank did not pay these amounts.

We fail to see, however, where the relationship of employer and employee ever existed between petitioner and Williams. It is true that petitioner, as vice president of the bank at a salary of $19,000 in 1937, was engaged in business. *Ralph C. Holmes*, 37 B. T. A. 865. In that case we said:

* * * It may well be that deductible "ordinary and necessary expenses in carrying on a trade or business" would be few and for between for a taxpayer

engaged in carrying on a business as executive officer of a corporation. The most of such deductions that we can think of would be those allowable only to the corporation. However, there are some which would be allowable as deductions to the individual, if he pays them out of his own personal funds, such for example as those involved and allowed in the *Peoples-Pittsburgh Trust Co.* case and the *Hurt* case. \* \* \*

We may pause long enough here to remark that the expenditures made by petitioner in the instant case are not of the nature of those involved in *Peoples-Pittsburgh Trust Co. et al., Executors,* 21 B. T. A. 588, and *Mrs. A. B. Hurt et al., Executors,* 30 B. T. A. 653. In the *Ralph C. Holmes* case, *supra,* we denied the taxpayer the deductions which he sought as ordinary and necessary business expenses on the ground, first, that they were made after Holmes ceased to be the chief executive officer of the Texas Co. and, second, that, even assuming that his remaining as a director of the corporation of which he had formerly been president constituted the carrying on of a business, the expenditures in question could not be allowed as deductions, because they were extraordinary in character for a director to pay out of his own personal funds and were not shown to be "ordinary and necessary" business expenses. From our decision the taxpayer filed petition for review to the Second Circuit, but later dismissed his appeal on March 15, 1939. Thus our decision in that case stands.

While the expenditures involved in the *Holmes* case were different from those involved in the instant case, yet we think the *rationale* of our opinion in the *Holmes* case should govern here. Just as the expenditures involved in the *Holmes* case were not ordinary in the conduct of the business of being director of a corporation, but were extraordinary, so do we think that the payments made by petitioner to Williams in 1937 out of his own personal funds were not ordinary expenditures for him to make as an officer of the bank, but were extraordinary in character, and are not deductible by petitioner as ordinary and necessary expenses in carrying on his business of being one of the chief executive officers of the bank. We may remark in this connection that petitioner made no more such payments to Williams after 1937. In 1938 the bank increased Williams' salary and doubtless received full deductions for all amounts paid to him as ordinary and necessary business expenses of the bank.

Petitioner does not claim that the $3,853.10 which he paid to Fenner & Beane in 1937 pursuant to his guarantee of Williams' account is deductible as a loss under section 23 (e) (1) or (2) of the Revenue Act of 1936. It seems clear that the amount would not be so deductible even if petitioner had claimed it on that ground, because the loss was not incurred in trade or business as provided by section 23 (e) (1) and it was not incurred in a transaction entered into for profit as provided by section 23 (e) (2). Any profits which might

be obtained in the operation of the account were to go to Williams and not to petitioner. For the reasons above stated, we sustain the Commissioner.

*Decision will be entered for the respondent.*