HERBERT R. GRAF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ETHEL ALFRED GRAF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 104623, 104624. Promulgated October 21, 1941.

*Fernando J. Cuquet, Jr., Esq.,* for the petitioners.
*Stanley B. Anderson, Esq.,* for the respondent.

388

OPINION.

Murdock: The respondent contends that the dividends in question were properly taxed to the petitioner, since the latter had not sold any property right in the stock from which the dividends flowed but had assigned only the right to receive dividends to be declared in the future, citing *Wood* v. *Commissioner*, 74 Fed. (2d) 78; *Helvering* v. *Horst*, 311 U. S. 112; and *Helvering* v. *Eubank*, 311 U. S. 122. Those cases, and also the recent case of *Harrison* v. *Schaffner*, 312 U. S. 579, involved gifts, whereas the present case involves a sale for a valuable and substantial consideration in cash. Bond coupons, soon to become due and payable, were assigned in the *Horst* case. The right to receive renewal commissions on insurance was given in the *Eubank* case. The gift in the *Schaffner* case was of specified amounts in dollars to be paid from the income for the following year of a testamentary trust of which the taxpayer was the life beneficiary. The Court held in each of those cases that the income was taxable to the assignor upon the principle that control over income or the power to dispose of it is the equivalent of ownership and the exercise of that power by procuring payment to another is a realization of income within section 22(a). That is, the one who owns or

controls the source of the income, and with it controls the disposition of the income, can not escape tax by any anticipatory assignment of the income, since such an assignment is the satisfaction of his wants and a realization of income. The Court recognized, however, that a gift of the ownership, or equitable ownership, of the property producing the income relieves the donor from tax on the income thereafter arising from that property. *Blair* v. *Commissioner*, 300 U. S. 5. See also *Reinecke* v. *Smith*, 289 U. S. 172; *Louis Boehm*, 35 B. T. A. 1106; *Fontaine Fox*, 37 B. T. A. 271. The beneficiary of a trust in the *Blair* case assigned a share of the income to another for life without retaining any form of control over the interest assigned. The Court held that the assignment was a transfer *in praesenti* of a life interest in the corpus and the income was, therefore, taxable to the donee. The Court said in the last paragraph of the *Schaffner* opinion that future decisions will have to determine precisely where the line shall be drawn between gifts of income-producing property and gifts of income from property of which the donor remains the owner for all substantial and practical purposes.

The transaction in the present case is described in the contract as a sale. A purchase price was agreed upon and paid in cash. There was no element of a gift involved. The petitioner was free to do as he pleased with the purchase price. The record shows that he intended to sell to Alfred and Morris just as great an interest in the shares as was possible and went as far in that direction as he could. His contract with the corporation prevented him from making a complete transfer of the 50 shares to Alfred and Morris, in accordance with his desire, and required him to retain legal title to the shares. That is apparently what is meant in the second paragraph quoted above from the agreement. The respondent makes no contention that the contract was illegal or failed to accomplish the purpose of the parties. It effected some present transfer of interest in the shares. The interest sold was substantial. It was greater than the mere right to receive dividends and carried that latter right as an incident of the larger interest transferred. Thus, the petitioner did not remain the owner of the shares for "all substantial and practical purposes." The full sale price was to go to Alfred and Morris, not to the petitioner, if the shares were ever thereafter sold. The parties could cancel the agreement under certain circumstances, but in that case the petitioner was required to repurchase the shares and pay $6,000 for them. He was required to do the same in case Alfred or Morris should die or sever connection with the firm. The contract does not clearly show the extent to which Alfred and Morris could control any later sale of the shares or whether they acquired any voting rights in the shares. It is unnecessary to determine just ex-

actly how many incidents of ownership in the shares were acquired by Alfred and Morris, since the taxing acts are not so much concerned with the refinements of title as with the actual command over the income which is taxed and the actual benefit for which the tax is paid. *Harrison* v. *Schaffner, supra.* Dividends are not mentioned in the contract, but it is obvious that the parties, by the words "participating interest", meant something more than the mere right to receive dividends. Alfred and Morris obtained substantial rights of ownership in the shares as a result of which they obtained command over the dividends, if any should ever be paid, and they alone benefited from subsequent dividends. The petitioner received the dividends on the 50 shares, not as his own property or not as dividends on property which he owned, but on behalf of Alfred and Morris, who owned beneficial interests in the shares which entitled them to all dividends. Cf. *Shellabarger* v. *Commissioner*, 38 Fed. (2d) 566. The $1,650 was not properly a part of the income of these petitioners.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Van Fossan and Kern dissent.

---

Leech, dissenting: Despite the payment or deposit of money by Alfred and Morris, I think the disposition of this case is controlled by the underlying rationale of *James D. Robinson*, 45 B. T. A. 39. Respondent should be affirmed.

Mellott agrees with the above dissent.