John Sidney Thompson v. Commissioner. Corinne Pope Thompson v. Commissioner.
Thompson v. Commissioner
Docket Nos. 23817, 23818.
United States Tax Court
1950 Tax Ct. Memo LEXIS 123; 9 T.C.M. (CCH) 694; T.C.M. (RIA) 50199; August 15, 1950
Felix Atwood, Esq., for the petitioners. J. Marvin Kelley, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax against petitioner, John Sidney Thompson, for the taxable year ended December 31, 1944, in the amount of $521.34, and against Corinne Pope Thompson, his wife, for the same year, in the sum of $424.98. The deficiencies arise largely out of the disallowance of a deduction claimed for compensation *124 paid Collis P. Irby for services rendered Thompson as president and general manager of Irby-Thompson, Inc. (formerly known as The Woolen Uniform Company, Inc.). Other minor adjustments were made by the Commissioner but are not raised by the pleadings filed on behalf of petitioners and may be taken as conceded. The question presented for our consideration is whether the payment of $2,252.08 to Irby in 1944 for services rendered during the years 1943 and 1944 is deductible as an ordinary and necessary business expense under section 23 (a) (1), Internal Revenue Code, or, in the alternative, as an ordinary and necessary non-business expense in the production of income under section 23 (a) (2), Internal Revenue Code. The cases were consolidated for trial by agreement. Findings of Fact The petitioners are husband and wife residing in Dallas, Texas, and filed their income tax returns for the year 1944 with the collector of internal revenue for the second district of Texas. One-half of their community income was reported by each on a cash basis and their deductions were listed on their returns. Since Corinne Pope Thompson is involved only by *125 reason of her community interest in her husband's income we will hereafter, for the sake of brevity, refer only to John Sidney Thompson as the petitioner since whatever may be said in regard to petitioner John Sidney Thompson is also applicable to petitioner Corinne Pope Thompson. During the taxable year, and at least during the preceding years 1942 and 1943, petitioner was president of Irby-Thompson, Inc., and its predecessor, The Woolen Uniform Company, Inc. During those years he was also employed by Irby-Thompson, Inc., and its predecessor, as general manager, having active charge and supervision of all its manufacturing establishments and retail stores. It was the duty of the petitioner to locate such stores and to buy all necessary merchandise regardless of whether or not it was the company's manufactured products or merchandise purchased and sold through its retail stores. As total compensation for his services petitioner was paid a commission of 7 1/2 per cent on gross sales of merchandise, including sales made through retail stores as well as sales of their manufactured products. Petitioner had many years of experience in the manufacturing business prior to 1943 but had *126 very little experience in the location of retail stores or in retail merchandising. Petitioner owned one-half or more of the capital stock of Irby-Thompson, Inc., and Collis P. Irby owned approximately one-half thereof. Irby had been interested in various types of retail establishments over a long period of years and had a great deal of experience in retail locations and retail merchandising. He was vice president and director of Irby-Thompson, Inc., and received a few hundred dollars each year as director's fees and expenses for attending directors' meetings, but was not otherwise employed by Irby-Thompson, Inc., during the taxable year or during the years 1942 and 1943. His duties as vice president and director did not require him to assist in the active management and operation of the business of the company. In the latter part of 1942 the company decided to open retail stores at several places in the State of Texas and instructed petitioner to proceed to locate and supervise generally the operation of those retail establishments. Petitioner found that due to his inexperience in retail stores location and merchandising he needed the assistance of someone who had such experience. *127 Early in 1943 he called upon Irby to aid him in the establishment of these retail stores and personally agreed to pay Irby reasonable compensation for the latter's time and expense involved in connection with such services. Irby accepted petitioner's offer and assisted him during the year 1943 and the early months of 1944, and retail stores were located and put in operation at Paris, Texas; Killeen, Texas; and Gatesville, Texas. Irby spent a great deal of time and incurred some traveling expenses in connection with the services rendered in this regard to petitioner in obtaining advantageous locations for the stores and in the selection and buying of merchandise and in obtaining reliable and efficient local managers and employees of these stores. Early in 1944, the stores having been located and put in operation, Irby's services being no longer required were discontinued and he and petitioner agreed that on account of time spent and traveling expenses incurred and paid by Irby in assisting petitioner in establishing the retail stores in question Irby was entitled to the total sum of $2,252.08, and that amount was paid to him by the company in the year 1944 and the amount thereof was *128 charged against and paid out of petitioner's personal account. Petitioner was engaged in the business of being president and general manager of the business of Irby-Thompson, Inc., during the years 1942, 1943, and 1944, and did employ Irby to assist him in performing his duties as general manager in charge of the location and supervision of retail stores and retail merchandising. This was an ordinary and necessary business expense. The remuneration of $2,252.08 agreed upon and paid by the petitioner during the year 1944, covering expenses incurred and remuneration for services rendered by Irby during the years 1943 and 1944, was reasonable. The petitioner deducted the amount so paid Irby in his income tax return for the year 1944 and the Commissioner disallowed the deduction in determining the deficiency, as shown by computation attached to the notice of deficiency forwarded petitioner under the date of March 16, 1949. Opinion LEMIRE, Judge: The respondent concedes that petitioner was engaged in the trade or business of being executive head of Irby-Thompson, Inc., and its predecessor, The Woolen Uniform Company, Inc., during the period here involved, but contends that the payment *129 to Irby was not ordinary and necessary business expense paid or incurred in carrying on trade or business. He bases his contention in this regard on the case of James D. Robinson, 45 B.T.A. 39, and on brief states that said case is essentially on all fours with the instant case. To demonstrate the fallacy of respondent's contention in this regard we quote from our opinion in the Robinson case, supra, as follows: "We think that what happened, as disclosed by the evidence, was approximately this: Willams was a valuable officer and employee of the First National Bank of Atlanta and petitioner knew it. Williams had received a favorable offer from a New York bank which he was about to accept and petitioner, as an officer and director of the bank, did not want the bank to lose his services. Therefore he proposed to the directors of the bank that the bank pay Williams an increase in salary so as to hold him. This the directors declined to do in 1937. Petitioner, knowing that Williams was a valued employee of the bank and would be of great assistance to petitioner when he became president of the bank in 1938, a fact which seemed to have already then been agreed upon, rather *130 than lose Williams' services, decided that he would pay out of his own pocket an amount which would hold Williams. This he did, as detailed in our findings of fact. In making such an expenditure we think that petitioner was incurring something in the nature of a personal expense rather than an ordinary and necessary business expense. Throughout the year 1937 Williams was an officer and employee of the First National Bank of Atlanta and not of petitioner. The bank did not of course have the right to deduct as a business expense the amount which petitioner paid to Williams, for the simple reason that the bank did not pay these amounts. "We fail to see, however, where the relationship of employer and employee ever existed between petitioner and Williams. * * *" The above language demonstrates that we found under the evidence in that case that there was no employer and employee relationship existing between Robinson and Williams. We found that Robinson did not employ Williams to render services to him but agreed to pay Williams a sum of money to remain in the employment of the bank and continue rendering services which the bank already employed and paid him to render. Obviously, *131 the Robinson case, supra, has no application here for the reason that we had no such factual situation involved in this case. Irby was not an employee of Irby-Thompson, Inc. His duties as an officer, director, and stockholder did not require him to renderany services in the active management and operation of the company. Petitioner was employed for that purpose and was paid a commission on gross sales for his services. Respondent disregards the fact that in addition to being president of Irby-Thompson, Inc., petitioner was employed as general manager of its manufacturing business and sales and as general manager of its retail stores. As such general manager it was his dity to locate these retail stores and supervise purchases and sales through them. He was paid a 7 1/2 per cent commission on gross sales, including retail sales, as remuneration for his services. On account of limited experience in the retail business petitioner found it necessary to employ Collis P. Irby to assist him in performing his duties in locating and supervising purchases and sales through the retail stores established. Respondent contends that this was unusual and extraordinary and benefited the corporation *132 and therefore should have been paid by Irby-Thompson, Inc., and not the petitioner. We think there is no merit in respondent's contention. There is no question but that gross sales were increased by reason of the services rendered by Irby and the petitioner's commissions were thereby increased. The question of whether the corporation realized a profit therefrom is not material to this proceeding. The record shows and it is common knowledge that a man working for a corporation on a commission basis may employ and pay others to assist him in order to increase his sales and secure more commissions. Such expenses are ordinary and necessary in connection with trade or business and are deductible. Herndon v. Commissioner, 175 Fed. (2d) 55; Samuel Rottenberg, 20 B.T.A. 589; Estate of K. Threefoot, 9 B.T.A. 499; Lillian M. Goldsmith, 7 B.T.A. 151; and Alfred Le Blanc, 7 B.T.A. 256. There is no serious contention by respondent that the amount paid Irby by the petitioner was unreasonable, and we have found as a fact that the sum so paid was reasonable for the services rendered and the expenses incurred and paid by Irby. We therefore *133 held that the payment of $2,252.08 to Collis P. Irby was an ordinary and necessary expense of trade or business under section 23 (a) (1), Internal Revenue Code, and the Commissioner erred in disallowing same as a deduction in petitioner's 1944 income tax return. Decision will be entered under Rule 50.